SWIFT, Judge.
The defendant, Marion Corporation (Marion), has appealed from a judgment which overruled its peremptory exception of no cause or right of action and granted a motion for summary judgment in favor of the plaintiff, Dunhill of Lafayette, Inc. (Dun-hill), in this suit to recover a fee allegedly due under an employment agency contract.
From the pleadings, affidavits and deposition in the record, it is undisputed that Dunhill’s Mr. Haydell contacted Mr. Chal-mers, Marion’s Lafayette manager, in the latter part of July, 1978, and asked if the company needed any administrative or engineering help. The latter replied that they “could use another drilling foreman”. Later, Haydell called Chalmers and said he was sending a Mr. Lyons over for the purpose of applying for the position. Lyons was not hired on the first interview and returned to inquire about the job several times. After either the first or second occasion, Mr. Chalmers telephoned Dunhill to inquire as to its fee schedule. The charges were quoted over the phone and shortly thereafter a printed fee schedule for employers was sent to him wherein Dunhill stated that “[ujnless advised to the contrary, acceptance of our applicant referrals will constitute acceptance of this agreement.” This schedule reflects that the fee for hiring an applicant earning $29,000.00 the first year is 30% of the annual salary or $8,700.00.
Mr. Lyons was hired shortly thereafter for the position of drilling foreman at an annual salary of $29,000.00. However, Marion refused to pay the fee and this suit was filed by Dunhill.
The defendant’s specification of error directed at the overruling of its peremptory exception is based on allegations in Dunhill’s petition to the effect that Marion agreed to pay the fee of the applicant if hired, the failure to allege that such agreement was in writing and the requirement of LSA-C.C. Art. 2278(3) that a promise to pay the debt of a third person cannot be established by parol. It is elementary that in considering an exception of no cause of action the allegations of the petition must be liberally construed in favor of the plain *226 tiff. A fair reading of the petition as a whole readily discloses that here the plaintiff is suing to collect a debt which the defendant allegedly incurred as the sole and only obligor under a contract between the agency and the employer. There is neither an allegation nor a contention that Mr. Lyons was ever indebted to Dunhill for any fee as a result of his employment by Marion. Thus, the obligation sued on was not a promise to pay the debt of a third party and the exception was properly overruled.
In sustaining the motion for summary judgment, the trial judge rendered judgment for only $4,350.00 instead of $8,700.00 claimed in the principal demand. No written or oral reasons were furnished but apparently this was done because the schedule of fees to be charged applicants filed by Dunhill with the Office of the State of Louisiana under LSA-R.S. 23:105 B(2) to obtain its license as an employment agency listed 15% of the first year’s compensation for a salary over $15,000.00. Subsection 110 of this act prohibits collection of “any fee not contained in the schedule, nor any fee in excess of the fee provided therein.”
Marion contends that because Dunhill has charged a 30% fee based on the schedule of fees to be paid by employers furnished it by Dunhill rather than the maximum of 15% provided in the schedule of fees to be paid by applicants for employment as filed with the Office of Labor the entire charge is null and void under LSA-C.C. Art. 12 as a violation of a prohibitory law.
On the other hand, Dunhill has furnished an affidavit from an assistant secretary of the Office of Labor to the effect that this office has interpreted these sections of the statute as applying only to fees to be paid by the applicant for employment and not to fees charged by a private employment agency to an employer where no part thereof is assessed directly or indirectly against the applicant. On the basis of this interpretation the Office of Labor has promulgated a regulation providing that the latter fee may be the subject of negotiations or an agreement between the employer and the agency.
Under the doctrine of contemporaneous construction, in ease of ambiguity in a statute courts favor a construction given by the department charged with the execution of the law. However, where no ambiguity exists or such construction is clearly erroneous the rule is inapplicable: State v. U-Drive It Car Co., 79 So.2d 590 (La.App. Orl.1955); City of Crowley v. Prejean, 173 So.2d 832 (La.App. 3 Cir. 1965), writ refused 175 So.2d 110; Traigle v. PPG Industries, Inc., 332 So.2d 777 (La.1976).
From our review of LSA-R.S. 23:101 et seq., we find that the provisions of the act apply both to employment agencies who solicit fees to be paid by the applicant and those whose fees are to be paid by the employer for the placement of an applicant. See Subsection 102 A(2). However, Subsection 105 clearly provides that only “a schedule of the fees proposed to be charged to applicants” shall be filed with the Office of Labor. As defined in Subsection 101(3), “applicant” means the person seeking employment, not the prospective employer. Thus, Dunhill complied with the statute by filing only its schedule of fees to be charged applicants in seeking its private employment agency license.
Be that as it may, Subsection 110 of the act prohibits the collection of any fee “not contained in that schedule, nor any fee in excess of the fee provided therein.” This necessarily refers to the schedule of fees filed by the agency with the Office of Labor. Therefore, in our opinion Dunhill cannot collect from this employer, Marion, any more than it could have charged the employee under the schedule on file. This is $4,350.00, the amount of the summary judgment rendered by the court below.
Marion further contends that Dun-hill’s attempt to charge it a fee in excess of that provided in the schedule filed with the Office of Labor caused their entire agreement to be null and void under LSA-C.C. Art. 12 as a contravention of Subsection 110, a prohibitory law. Badon’s Employment, Inc. v. Smith, 359 So.2d 1284 (La.1978) is cited in support thereof.
LSA-R.S. 23:118 provides in part:
*227 “An employment agency shall not engage in any of the following activities or conduct:
******
“(6) Direct an applicant to an employer for the purpose of obtaining employment without having first obtained a bona fide order therefor; however, a qualified applicant may be directed to an employer who has previously requested that he regularly be accorded interviews with applicants of certain qualifications. Likewise an employment agency may attempt to sell the services of an applicant to an employer from whom no order has been received as long as this fact is told to the applicant before he is directed to the employer.”
Our supreme court held in Badon that the agency’s failure to obtain “a bona fide order” from the employer prior to sending the applicant for the interview violated this subsection of the act and nullified the contract between the agency and the applicant. Therefore, no fee could be recovered from the latter.
We do not construe that decision as declaring every restriction and limitation on an employment agency in the whole act as being prohibitory in nature. It appears to us that there is a considerable difference between prohibited agency conduct that may impose an undue hardship on an employee and the mere attempt to collect from an employer a fee set forth in a schedule furnished him by the agency prior to the hiring even though it is in excess of that permitted by law. Like the violations involved in Post Office Employees Credit Union v. Frosina, 77 So.2d 213 (La.App.Orl. 1955), and First Nat. Bank of Shreveport v. Williams, 346 So.2d 257 (La.App. 3 Cir. 1977), this one did not involve bad faith, moral turpitude nor was it contra bonos mores. And we do not believe it should prevent the agency from collecting the fee prescribed in the applicable schedule on file with the Office of Labor, at least not in this case where the agency acted in accordance with that department’s interpretation of the act-i. e., that the fee to be paid by the employer could be negotiated and agreed to by the latter and the agency without limitation or regulation. We therefore conclude that the plaintiff is entitled to recover the $4,350.00 fee awarded in the judgment.
The defendant also contends the trial court erred in granting the motion for summary judgment, because there was a genuine issue of fact, namely, whether or not there was a bona fide order made by Marion to Dunhill before sending Lyons for the interview.
“Bona fide order” is not specifically defined in the act. However, it is obvious in this case that an agreement was entered into between Messrs. Chalmers and Haydell, representing their respective companies, whereby Dunhill was to furnish an applicant for the particular position for which Lyons was employed. The mere fact that Mr. Chalmers later signed an affidavit to the effect that no bona fide order was made, does not create a genuine issue of fact as his deposition clearly establishes that such an order was placed by him with Dunhill for that position before the first interview.
For the foregoing reasons, the judgment of the trial court is affirmed at costs of defendant-appellant.
AFFIRMED.