kFOGG, Judge.
This action for declaratory judgment involves a dispute between a regulatory agency and a regulated entity over the meaning of a term in a statute. The issue raised on appeal is whether LSA-R.S. 22:215.12[1] of the Insurance Code is applicable to new enrollees of group insurance policies, when their effective date of coverage is on or after January 1, 1993, and the group master policies were issued and delivered before January 1, 1993. Resolution of that issue turns on whether the application of the doctrine of contemporaneous construction should be applied to LSA-R.S. 22:215.12.
FACTS AND PROCEDURAL HISTORY
The Louisiana Department of Insurance (the Department) received two complaints by certificate holders covered by Louisiana Health Service and Indemnity Company d/b/a/ Blue Cross Blue Shield of Louisiana (LHSIC), which is a non-profit domestic mutual insurance corporation engaged in the business of furnishing hospital service, medical, and surgical insurance benefits to those citizens of Louisiana who become subscribers of LHSIC. Both complaints related to insurance coverage on group health policies issued by LHSIC in the State of Louisiana prior to January 1, 1993 and involved the denial by LHSIC of coverage based upon a pre-exist-ing condition which arose within the one year period prior to the effective date of coverage for each insured. In the course of handling these complaints, the Department found that the definition contained in LHSIC’s group ^master policy conflicted with the Department’s interpretation of LSA-R.S. 22:215.12.
By letter dated February 17, 1995, the Department informed LHSIC that its definition of pre-existing condition was not in com *999 pliance with the law and requested that LHSIC re-adjudicate any claims which may have been erroneously denied under the incorrect policy language. LHSIC objected to the Department’s construction of the statute and requested a hearing on the matter.
At the hearing on August 31, 1995, the parties stipulated that the matter in dispute was proper for a declaratory judgment in accordance with Rule No. 1 of the Rules of Practice and Procedure promulgated by the Department. The specific issue addressed at the hearing was whether LSA-R.S. 22:215.12 is applicable to new enrollees, whose effective date oí coverage is subsequent to January 1, 1993, under group master policies issued before January 1,1993.
The declaratory judgment issued by the administrative law judge on October 6, 1995, was not rejected or modified by the Commissioner of Insurance (the Commissioner) and is now the final ruling of the Commissioner. Therein, LSA-R.S. 22:215.12 was declared to be applicable to new enrollees whose effective date of coverage is on or after January 1, 1993, even under group policies issued and delivered before January 1, 1993. The administrative law judge further declared that this interpretation does not violate any anti-discriminatory provisions found at section 652 of the Insurance Code. LHSIC filed a timely petition for judicial review with the Nineteenth Judicial District Court. Therein, LHSIC asserted that the declaratory judgment is in error because (a) it applies LSA-R.S. 22:215.12 to new enrollees whose effective date of coverage is on or after January 1, 1993 under group master policies issued hand delivered before January 1, 1993, and (b) it causes LHSIC to violate the anti-discriminatory provisions of the Louisiana Insurance Code, specifically LSA-R.S. 22:652.
After hearing the matter, the trial judge rendered judgment in favor of the Department and against LHSIC, affirming the findings of the Commissioner. LHSIC appeals.
STANDARD OF REVIEW
The Administrative Procedure Act specifies that judicial review shall be confined to the record, as developed in the administrative proceedings. LSA-R.S. 49:964(F). The district court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) not supported and sustainable by a preponderance of the evidence. LSA-R.S. 49:964(G); Pacificorp Capital, Inc. v. State, Through Div. of Admin., 92-1729 (La.App. 1 Cir. 8/11/94); 647 So.2d 1122, writ denied, 94-2315 (La.11/18/94); 646 So.2d 387.[2] On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. ■ State, Through Louisiana Riverboat Gaming Com’n v. Louisiana State Police Riverboat Gaming Enforcement Div., 95-2355 (La.App. 1 Cir. 8/21/96); 694 So.2d b316. The issue raised in this case is a legal issue; therefore, a de novo review is required.
ANALYSIS
In 1992, the Louisiana Legislature passed LSA-R.S. 22:215.12 which provides as follows:
Any hospital, health, or medical expense insurance policy, except specified disease, hospital indemnity or other limited, supplemental benefit insurance policies, hospital or medical service contract, employee welfare benefit plan, health and accident insurance policy, or any other insurance contract of this type, including a group insurance plan and a self-insurance plan, which is delivered or issued for delivery in this state on or after January 1, 1993, shall not deny, exclude, or limit benefits for a *1000 covered individual for losses due to a preexisting condition incurred more than twelve months following the effective date of the individual’s coverage. Any policy, contract, or plan subject to the provisions of this Section shall not contain a definition of a preexisting condition more restrictive than the following:
(1) A condition that would have caused an ordinary prudent person to seek medical advice, diagnosis, care, or treatment during the twelve months immediately preceding the effective date of coverage.
(2) A condition for which medical advice, diagnosis, care or treatment was recommended or received during the twelve months immediately preceding the effective date of coverage.
(3) A pregnancy existing on the effective date of coverage.
LHSIC contends this statute provides clearly and unambiguously that new enroll-ees of group insurance policies who received their certificates of insurance on or after January 1, 1993 are not covered by this legislation when the policy was delivered before January 1,1993.
The Department points out that, under LHSIC’s interpretation of the law, new employees acquiring coverage under an existing group master policy would be subject to more onerous pre-existing condition provisions than those provided by section 215.12. The Department avers that this result was not intended by the legislature in enacting this legislation; ferather, the clear intent of the legislature was to minimize gaps in, or loss of, coverage due to pre-existing conditions. The Department asserts that, in order to avoid thwarting the legislative intent, the doctrine of contemporaneous construction should be applied and, under that doctrine, the term “policy” should be read to include “certificate of insurance” when used in reference to group master policies.
Alternatively, the Department asserts that LHSIC’s interpretation is not consistent with the express language of the law as “it is well established within the group health arena that an individual enrollee’s effective date" of coverage is the date of issuance on the certificate of coverage not the date the ‘master’ plan was issued to the policyholder.” We do not agree with either of the Department’s contentions.
The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Ouachita Parish School Board v. Ouachita Parish Supervisors Association, 362 So.2d 1138 (La.App. 2 Cir.1978). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Traigle v. PPG Industries, Inc., 332 So.2d 777 (La.1976); Dunhill of Lafayette, Inc. v. Marion Corp., 390 So.2d 224 (La.App. 3 Cir. 1980); McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App. 2 Cir.1980), unit denied, 396 So.2d 898 (La.1981).
This doctrine does not apply in this case for two reasons. First, there has been no long period of time during which the Department has interpreted this legislation. Second, after careful reading of the statute, we do not find it vague or ambiguous. Rather, it clearly applies to policies that are ^delivered or issued for delivery on or after January 1, 1993. Under the clear wording of the statute and in accordance with the rules of statutory construction, the provisions of LSA-R.S. 22:215.12 do not extend to certificates of insurance delivered on or after January 1, 1993, where the policy was delivered before that date. Accordingly, the trial court erred in rendering judgment in favor of the Department.
For the foregoing reasons, we must reverse the judgment of the trial court, which affirmed the administrative law judge’s decision. Judgment is rendered in favor of LHSIC, declaring that LSA-R.S. 22:215.12 is not applicable to new enrollees whose effective date of coverage is on or after January 1, 1993, under group master policies issued be *1001 fore January 1, 1993.[3] Costs in the sum of $2,100.57 are taxed to the Department of Insurance.
REVERSED AND RENDERED.

. LSA-R.S. 22:215.12 of the Insurance Code, which deals with pre-existing condition limitations, was enacted in 1992 and then repealed by Acts 1997, No. 1138, § 2, effective July 14, 1997. Legislation concerning pre-existing condition exclusions is now located at LSA-R.S. 22:250.2, the effective date of which is July 14, 1997. Act 1138 provides that this legislation shall apply prospectively.

. Although Pacificorp refers to the "manifest error” standard of review, LSA-R.S. 49:964(G)(6) was amended in 1997 to allow reversal or modification if the administrative factual findings are not sustainable by a preponderance of the evidence. 1997 La. Acts No. 128, §1. The Act designated this amendment as procedural and made it applicable to all pending cases.

. This disposition does not address the rights of enrollees of group master policies on the first renewal date of the policies after January 1, 1993.