798 So.2d 1124 (2001)
ROBERT HALF OF LOUISIANA, INC.
v.
CITIZENS CONSULTING, INC.
No. 2000-CA-2415.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 2001.
*1125 Richmond M. Eustis, Eustis & O'Keefe, LLC, New Orleans, LA, Counsel for Plaintiff/Appellant.
Marie C. Williams, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, and Judge MAX N. TOBIAS, Jr.
TOBIAS, Judge.
Plaintiff, Robert Half of Louisiana, Inc. ("Robert Half"), appeals from a judgment rendered in favor of defendant, Citizens Consulting, Inc. ("CCI"), wherein the trial court found that the transaction between the parties constituted an open account and had prescribed. For the reasons set forth below, we affirm the judgment dismissing the action.
In April 1993, CCI contacted Robert Half, an employment agency, to locate an employee to perform accounting services for it. Robert Half explained that there would be a fee for its services, which it could pay over time.[1] CCI agreed and Robert Half sent a fee schedule with terms of payment. CCI hired the candidate sent by Robert Half and was invoiced for the sum of $4000.00. It is undisputed that CCI made one payment of $2000.00. However, Robert Half alleges that CCI failed to pay the remaining amount, while CCI counters that it paid the balance in full.
In January 1994, Robert Half sent CCI a demand letter for $2095.00, which included an itemized statement of account and a copy of the invoice. This certified letter stated that Robert Half was making demand pursuant to La. R.S. 9:2781 and that if the amount was not paid within fifteen days, suit would be filed.
On 23 March 1998, Robert Half sued CCI in the First Parish Court for the Parish of Jefferson on the subject transaction. On 15 June 1999, Robert Half filed an identical suit in the First City Court of the City of New Orleans. After CCI filed exceptions of improper venue and lis pendens, the Jefferson Parish suit was dismissed without prejudice and the parties proceeded to litigate the matter in First City Court.
CCI also filed, inter alia, a peremptory exception of prescription. CCI argued that this case was one on open account pursuant to La. R.S. 9:2781, and had prescribed under La. C.C. art. 3494, which provides a three-year prescriptive period for an action on open account. Robert Half opposed the exception, arguing that it sued for breach of contract, which has a prescriptive period of ten years. See La. C.C. art. 3499. The record reflects that *1126 the trial court denied all exceptions filed by CCI on 22 March 2000.[2]
The case was tried on 26 July 2000 and was taken under advisement. On 3 August 2000, judgment was entered in favor of CCI. In the reasons for judgment issued the same day, the court found that the matter was an open account, not a breach of contract action, and that it had prescribed. Robert Half timely filed this appeal.
The primary issue on appeal addresses the transaction between the parties. Robert Half argues that the trial court erred in dismissing the action because it is a suit for breach of contract with a ten-year prescriptive period. Conversely, CCI contends that the trial court correctly held that it was a suit on open account and, therefore, prescribed.
We begin with the statute on open account, La. R.S. 9:2781, which provides in pertinent part:
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
* * * * * *
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services.
(Emphasis added).
Based on the plain language of the statute, we find that the trial court correctly held that this transaction is an open account. Robert Half provided a service for CCI, that of locating a suitable candidate for employment. The agreement between the parties permitted periodic payments on an outstanding account of indebtedness. At the time the plaintiff filed suit, albeit well after prescription had run, it was seeking payment on this account, which was open on its books.[3] Whether this was a single transaction or the parties contemplated future dealings is irrelevant.[4] This transaction fall squarely within the definition of "open account" as set forth in Subsection C of the statute.
Robert Half contends that this case is governed by our prior decision in Acme Window Cleaners, Inc. v. Natal Construction Co., Inc., 95-0448 (La.App. 4 Cir. *1127 8/23/95), 660 So.2d 926, wherein the court held that a written contract between a cleaning company and a general contractor was a contract and not an open account. We disagree. First, the agreement between the parties in the instant case was for Robert Half to provide the defendant with professional services, expressly covered by the statute, and not a construction contract. Second, there was no written contract entered into between the parties in the instant case. The only writing in the record that might even be remotely construed as a "contract" was the fee schedule, required by the statutes covering employment agencies.[5] Finally, in deciding Acme, the court relied on some cases which ignored Subsection C to La. R.S. 9:2781. Thus, we distinguish, and thus decline to follow, Acme.
We also reject Robert Half's argument that the trial court was unable to reconsider its previous ruling denying the exception of prescription. The central issue of this case is whether the transaction between the parties constituted an open account or a contract. While the court could have deferred a decision on the exception until trial, it handled the matter appropriately. Moreover, La. C.C.P. art. 928 provides that a peremptory exception may be pleaded at any stage of the proceedings. Further, in Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594, 598 (La.1984), the Supreme Court held a peremptory exception of no right of action could again be raised or pleaded after once being denied. As cautioned by the Court, when it can reasonably do so, the court should maintain a petition against a peremptory exception to afford the litigant an opportunity to present its evidence. Id. at 596. Thus, we find that the trial court did not err in reconsidering the prescription issue after hearing the evidence presented at trial.
Considering the record sub judice, we affirm the judgment of the trial court in favor of defendant dismissing the petition. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.
NOTES
[1] CCI and the trial court identified this fee as 30% of the annual salary of the person placed, while Robert Half states that the correct figure was 20%. We note that the petition filed by Robert Half alleges that the fee was 30% of the annual salary. However, for purposes of this opinion, the percentage is unimportant.
[2] CCI contends that the trial court deferred ruling on the exception of prescription until trial when the court could hear all the evidence, while Robert Half insists that the court denied the exception. The record contains a judgment dated 22 March 2000, denying the exceptions. However, once the court heard the testimony presented at trial, it was free to reconsider its previous ruling.
[3] This finding is supported by the demand letter sent by Robert Half to CCI in 1994, at which time Robert Half believed that the outstanding account was an "open account," as defined by La. R.S. 9:2781.
[4] Cases holding to the contrary were overruled by Subsection C of the statute, rewritten in 1983. Commercial Credit Claims Services, Inc. v. Richardson, 454 So.2d 177, 179 (La. App. 1 Cir.1984).
[5] La. R.S. 23:101, et seq., regulates private employment agencies, such as the plaintiff, and applies to agencies that solicit fees to be paid by employers for placement of an applicant. Dunhill of Lafayette, Inc. v. Marion Corp., 390 So.2d 224 (La.App. 3 Cir.1980). The regulatory scheme governing employment agencies requires only that a schedule of fees be filed with the Office of Labor. Id. In addition, employment agencies must be licensed by the assistant secretary of the Office of Labor before it can provide its services. See La. R.S. 23:104.