996 So.2d 969 (2008)
FREY PLUMBING COMPANY, INC.
v.
Celeste FOSTER.
No. 2007-CC-1091.
Supreme Court of Louisiana.
February 26, 2008.
Weigand & Levenson, Leonard Louis Levenson, Christian W. Helmke, New Orleans, for applicant.
Wagner & Bagot, Thomas Arnoult Rayer, Jr., Michael H. Bagot, Jr., New Orleans, for respondent.
PER CURIAM.
At issue in this case is whether the trial court erred in rendering partial summary judgment in favor of defendant based on a finding that plaintiff's suit did not constitute a claim on an open account *970 for purposes of La. R.S. 9:2781(D). For the reasons that follow, we find the trial court's ruling was in error and therefore reverse the trial court's grant of partial summary judgment in favor of defendant.

UNDERLYING FACTS AND PROCEDURAL HISTORY
The underlying facts of this case are not in dispute. Celeste Foster hired Frey Plumbing, Inc. ("Frey") to repair an underground pipe at her residence. Frey issued an invoice in the amount of $4,684.00 for the plumbing work performed. The bill remained unpaid for more than six months. During that time, Frey sent written demands for payments to Ms. Foster to no avail.
Subsequently, Frey filed the instant suit against Ms. Foster, seeking to recover payments for plumbing and tunneling services. Frey also sought an award of attorney fees alleging that "all services rendered and material provided by Frey Plumbing to Foster were delivered upon open account."
Ms. Foster filed a motion for partial summary judgment, arguing that Frey's claim does not constitute a claim on open account under the factors set forth in Acme Window Cleaners v. Natal Construction Co., 95-0448 (La.App. 4 Cir. 8/23/95), 660 So.2d 926.[1] Ms. Foster pointed out that the agreement between herself and Frey was the first and only transaction between the parties, Frey extended no line of credit, only one invoice was submitted for a single-time payment, and no additional jobs were anticipated.
Frey opposed the motion. Frey argued its claim constituted a claim on open account under La. R.S. 9:2781(D),[2] which defined an open account as "any account for which a part or all of the balance is past due," irrespective of the number of past or future transactions. Frey further contended Acme Window, the case relied on by Ms. Foster, was explicitly rejected by Robert Half of Louisiana, Inc. v. Citizens Consulting, Inc., 00-2415 (La.App. 4 Cir. 10/3/01), 798 So.2d 1124, as being contrary to the wording of La. R.S. 9:2781(D).[3]
*971 After a hearing, the trial court granted Ms. Foster's motion for partial summary judgment, finding that Frey's claim did not constitute a claim on open account. In written reasons for judgment, the court observed there was no evidence the parties agreed to contract for services on an open account. The court also noted that this transaction was the first and only transaction between Ms. Foster and Frey, and that there was no indication that the parties intended to contract for future services.
Frey applied for supervisory review of this ruling. The court of appeal denied the writ, finding no error in the trial court's holding.
Upon Frey's application to this court, we granted the writ and remanded the case to the court of appeal for briefing, argument and full opinion. Frey v. Foster, 06-2531 (La.1/8/07), 948 So.2d 115. In our order of remand, we specifically directed the court of appeal to "discuss the apparent conflict between its holdings in Acme Window Cleaners v. Natal Construction Co., 95-0448 (La.App. 4th Cir.8/23/95), 660 So.2d 926, and Robert Half of Louisiana, Inc. v. Citizens Consulting, Inc. 00-2415 (La. App 4th Cir. 10/3/01), 798 So.2d 1124."
On remand, the court of appeal affirmed the judgment of the trial court in a split decision. Frey Plumbing Co. v. Foster, 06-1183 (La.App. 4 Cir. 5/23/07), 958 So.2d 730. Initially, the court determined that its holdings in Acme Window and Robert Half were factually distinguishable. Observing that Acme Window involved a construction contract, the court found that any discussion of the four-factor test "might be considered surplusage since, under the prior jurisprudence, the open account statute could not apply to a construction contract, irrespective of whether the four-part test used to determine whether a sales contract creates an open account was met."
Turning to the instant case, the court found that the facts "do not support a finding of an open account, whether we consider the contract to be a historically excluded construction contract or apply the four-factor test." Therefore, the court of appeal affirmed the trial court's ruling granting partial summary judgment in favor of Mr. Foster.
One member of the panel dissented, observing that La. R.S. 9:2781(D) "clearly and unambiguously speaks in terms of one transaction and does not contemplate more than one transaction in every instance." The dissenting judge concluded the majority's opinion was inaccurate when it suggested that a suit on an open account necessarily involves a series of transactions or course of dealings over a period of time, noting that "[s]uch language is not contained in the statute and should not be followed here." Accordingly, he would have reversed the judgment of the trial court and denied Ms. Foster's motion for partial summary judgment.
Upon Frey's application, we granted certiorari to consider the correctness of the court of appeal's judgment affirming the grant of partial summary judgment in favor of Ms. Foster. Frey Plumbing v. Foster, 07-1091 (La.11/2/07), 966 So.2d 587.

DISCUSSION
As established in the well-settled principles of civilian methodology, as well *972 as in La. Civ.Code arts. 1 and 3, the sources of law in Louisiana are legislation and custom, with legislation being the superior source of law. The civil code sets forth rules for interpretation of legislation. Chief among those rules is La. Civ.Code art. 9, which provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Willis-Knighton Med. Ctr v. Caddo Shreveport Sales and Use Tax Com'n, 04-0473, pp. 21-22 (La.4/1/05), 903 So.2d 1071, 1085.
La. R.S. 9:2781(A) provides that "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant." Subsection D of the statute defines "open account" as including "any account for which a part or all the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." This language is clear and unambiguous on its face and its application leads to no absurd consequences.
In granting partial summary judgment in favor of Ms. Foster, the trial court reasoned that no open account existed between the parties because this transaction was the first and only transaction between Ms. Foster and Frey, and there was no indication that the parties intended to contract for future services. Such a conclusion is unquestionably in conflict with the language of La. R.S. 9:2781(D). Therefore, the trial court erred in finding that a contract for open account could not exist between the parties merely because there was only a single transaction between them and no future transactions were contemplated.
As alternative support for the trial court's judgment, the court of appeal stated in a footnote that "the plumbing contract in question does not come within the purview of a professional services contract for purposes of the statute." However, La. R.S. 9:2781(D) provides, in part: "`Open account' shall include debts incurred for professional services...." This language indicates professional services are included within the ambit of an open account, but it is not mandatory that professional services be rendered for an account to be considered an open account. Indicating professional services are "included" does not limit an open account to a professional service agreement. Any account which fits the definition of an open account, including but not limited to an account for professional services, fits within the ambit of the statute.
In summary, we conclude La. R.S. 9:2781(D) must be applied as written. Under a plain reading of that statute, there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions. To the extent the prior case law has imposed any requirements which are inconsistent with the clear language of La. R.S. 9:2781(D), those cases are overruled.
Applying La. R.S. 9:2781(D) to the facts of this case, we find the trial court erred in holding that Ms. Foster was entitled to partial summary judgment on the ground that the agreement between the parties was not a contract on an open account, and that Frey was not entitled to attorney fees under the open account statute. Accordingly, we must reverse the trial court's *973 judgment and remand the case for further proceedings.

DECREE
For the reasons assigned, the judgment of the trial court granting partial summary judgment in favor of Celeste Foster is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion. All costs in this court are assessed against Celeste Foster.
NOTES
[1] In Acme, the court of appeal listed the following factors to be considered as guidelines for determining when the course of dealing between parties may be designated as an open account: (1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings.
[2] La. R.S. 9:2781(D) provides:

D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
[3] In Robert Half, the court stated:

Robert Half contends that this case is governed by our prior decision in Acme Window Cleaners, Inc. v. Natal Construction Co., Inc., 95-0448 (La.App. 4 Cir. 8/23/95), 660 So.2d 926, wherein the court held that a written contract between a cleaning company and a general contractor was a contract and not an open account. We disagree. First, the agreement between the parties in the instant case was for Robert Half to provide the defendant with professional services, expressly covered by the statute, and not a construction contract. Second, there was no written contract entered into between the parties in the instant case. The only writing in the record that might even be remotely construed as a "contract" was the fee schedule, required by the statutes covering employment agencies. Finally, in deciding Acme, the court relied on some cases which ignored Subsection C to La. R.S. 9:2781 [now Subsection D, as re-designated by Acts 2001, No. 1075]. Thus, we distinguish, and thus decline to follow, Acme. [footnote omitted, emphasis added].