STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0040

ADVANCED LEVELING & CONCRETE SOLUTIONS

VERSUS

THE LATHAN COMPANY, INC.

*Judgment Rendered:*     DEC 1 0 2020

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C650704

The Honorable Janice Clark, Judge Presiding

* * * * * * * *

Lloyd N. Shields                         Counsel for Defendant/Appellant
Andrew G. Vicknair                       The Lathan Company, Inc.
New Orleans, Louisiana

Richard L. Crawford                      Counsel for Plaintiff/Appellee
Baton Rouge, Louisiana                   Advanced Leveling & Concrete Solutions

* * * * * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

Higginbotham, J. concurs

**THERIOT, J.**

The Lathan Company, Inc. appeals the August 30, 2019 amended judgment of the Nineteenth Judicial District Court rendering judgment in favor of Advanced Leveling & Concrete Solutions and against The Lathan Company, Inc. For the following reasons, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

In August 2013, Advanced Leveling & Concrete Solutions ("Advanced Leveling") and The Lathan Company, Inc. ("Lathan") entered into a subcontract agreement wherein Advanced Leveling agreed to perform work and provide materials for a project entitled "the St. Roch Market," located in New Orleans, Louisiana. According to Lathan, Advanced Leveling agreed to provide and install polished concrete floor topping for the St. Roch Market for a total, fixed sum of $52,800.00. No written subcontract was executed.

On August 11, 2016, Advanced Leveling filed a petition on open account, naming Lathan as defendant. Advanced Leveling alleged in its petition that it had sold and delivered its services to Lathan on an open account and was entitled to recover $16,420.00 from Lathan for the services rendered. Advanced Leveling further claimed that it was entitled to recover from Lathan attorney's fees equal to 25% of the balance due, pursuant to La. R.S. 9:2781.[1]

On November 10, 2016, Lathan filed an answer to the petition, generally denying liability. Lathan admitted to having a subcontract agreement with Advanced Leveling, but denied that the parties had maintained an open account. Lathan further stated that, to the extent that it may be liable to Advanced Leveling,

---

[1] Advanced Leveling attached the following to the petition: (1) a February 12, 2016 letter from Advanced Leveling's attorney to Lathan, indicating that Lathan's delinquent account with Advanced Leveling had been referred to the attorney's office; (2) an August 9, 2016 affidavit executed and signed by Sharon Berry, the owner of Advanced Leveling, which stated that Lathan presently owed $16,420.00 to Advanced Leveling for services delivered to Lathan at Lathan's request; and (3) an invoice sent by Advanced Leveling to Lathan for $16,420.00, dated April 1, 2015, which indicated that the amount owed was over 90 days past due.

2

and to the extent it is determined that any work or materials provided by Advanced Leveling did not conform with any agreement between Lathan and Advanced Leveling or was not performed in a workmanlike manner, Lathan would be entitled to set-off.

On February 3, 2017, Advanced Leveling filed a motion for summary judgment. In support of its motion for summary judgment, Advanced Leveling provided the affidavit of Sharon Berry, owner of Advanced Leveling. Advanced Leveling attached to this affidavit several monthly statements that had been mailed to Lathan, including the statement for $16,420.00. Advanced Leveling also attached a document executed by Rodney Dionisio, who stated that he was authorized to act on behalf of ownership for the St. Roch Market, he had inspected the work performed by Advanced Leveling, and he had accepted said work. In this document, Rodney Dionisio authorized Advanced Leveling to be paid in full by Lathan for their services.

Lathan opposed summary judgment, arguing that (1) there is no evidence that any agreement between Lathan and Advanced Leveling was based upon open account; (2) genuine issues of material fact exists regarding deficiencies in Advanced Leveling's work and the costs incurred by Lathan in correcting those deficiencies; and (3) no discovery whatsoever had occurred in this case.

A hearing on the motion for summary judgment was held on April 17, 2017. At the conclusion of the hearing, the trial court found that Advanced Leveling's petition was a petition based upon an open account. On May 2, 2017, the trial court signed a judgment in favor of Advanced Leveling and against Lathan, in the full sum of $16,420.00 plus attorney's fees pursuant to La. R.S. 9:2781, legal interest, and costs. On July 26, 2017, Lathan filed a motion and order for devolutive appeal of the May 2, 2017 judgment. On December 20, 2018, this court dismissed Lathan's appeal for lack of subject matter jurisdiction, finding that the

3

May 2, 2017 judgment was not a final, appealable judgment because the exact amount of attorney's fees could not be determined from the judgment. See *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18); 268 So.3d 1044, 1046 (en banc).

On August 7, 2019, both parties filed a consent motion to amend the May 2, 2017 judgment. The consent motion to amend the judgment was granted. On August 30, 2019, the trial court signed an amended judgment in favor of Advanced Leveling and against Lathan, pursuant to the open account statute, La. R.S. 9:2781. The judgment granted Advanced Leveling the full sum of $16,420.00, together with legal interest, costs in the amount of $645.93, and reasonable attorney's fees under La. R.S. 9:2781 at the rate of 15% of the judgment, which is $2,463.00. This appeal followed.

## ASSIGNMENTS OF ERROR

Lathan assigns the following as error:

(1) The Trial Court erred in finding an open account existed between Lathan and Advanced Leveling, and granting summary judgment accordingly, where the parties' agreement contemplated that Advanced Leveling would provide a definite scope of construction work for a fixed price.

(2) The Trial Court erred in granting Advanced Leveling's motion for summary judgment when factual issues predominate concerning the amount to which Advanced Leveling may be entitled and the amount to which Lathan may be entitled as set-off.

## STANDARD OF REVIEW

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . and shall be construed to accomplish these ends." *Jackson v. Wise*, 2017-1062 (La. App. 1 Cir. 4/13/18); 249 So.3d 845, 850, writ denied, 2018-0785 (La. 9/21/18); 252 So.3d 914, quoting La. Code Civ. P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and

4

supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 (A)(3). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans*, 2012-2742 (La. 1/28/14); 144 So.3d 876, 882, cert. denied, 574 U.S. 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Jackson v. Wise*, 249 So.3d at 850.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

## DISCUSSION

In its first assignment of error, Lathan asserts that the trial court erred in determining that an open account existed between Advanced Leveling and Lathan, where the parties' agreement contemplated that Advanced Leveling would provide a definite scope of construction work for a fixed price of $52,800.00.

Louisiana Revised Statutes 9:2781(D) defines an open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of

5

contracting the parties expected future transactions." An open account necessarily involves an underlying agreement between the parties on which the debt is based. *Gulfstream Services, Inc. v. Hot Energy Services, Inc.*, 2004-1223 (La. App. 1 Cir. 3/24/05); 907 So.2d 96, 100. If a debtor "fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed," the debtor "shall be liable to the claimant for reasonable attorney fees . . . when judgment on the claim is rendered in favor of the claimant." La. R.S. 9:2781(A).

Under a plain reading of La. R.S. 9:2781(D), there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions. *Frey Plumbing Co., Inc. v. Foster*, 2007-1091 (La. 2/26/08); 996 So.2d 969, 972 (per curiam). Further, in *R.L. Drywall, Inc. v. B & C Elec., Inc.*, 2013-1592 (La. App. 1 Cir. 5/2/14); 2014 WL 3559390, at *6 (unreported), this court wrote that the clear language of La. R.S. 9:2781(D) states that an open account "includes any account" and nowhere in the statute are construction accounts or contracts specifically excluded.

As stated by the Supreme Court of Louisiana in *Frey Plumbing Co., Inc.*, 996 So.2d at 972, La. R.S. 9:2781(D) must be applied as written. Any account which fits the definition of an open account fits within the ambit of the statute. *Doerle Food Services, L.L.C. v. River Valley Foods, L.L.C.*, 52,601 (La. App. 2 Cir. 5/22/19); 273 So.3d 656, 662, <u>writ denied</u>, 2019-01188 (La. 10/15/19) 280 So.3d 602, <u>citing</u> *Frey Plumbing Co., Inc.*, 996 So.2d at 972. As outlined above, pursuant to La. R.S. 9:2781(D), an open account is "<u>any account</u> for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." (Emphasis added.) Accordingly, considering the law and

6

evidence before us, we find that Lathan's account with Advanced Leveling constitutes an open account.

In its second assignment of error, Lathan argues that the trial court erred in granting Advanced Leveling's motion for summary judgment because Advanced Leveling has not proven its entitlement to the amount claimed. Lathan asserts that it has properly pled set-off as an affirmative defense. According to Lathan, Advanced Leveling's work on the project was defective and, as a result, a genuine issue of material fact exists as to the proper sum due to Advanced Leveling. Lathan states that the allegedly defective work includes cracked concrete at control joints and concrete-clogged drains, the latter of which resulted in repair costs valued at $13,000.00.

In support of its opposition to Advanced Leveling's motion for summary judgment, Lathan filed the March 31, 2017 affidavit of Todd Hennis, a project manager for Lathan who worked on the St. Roch Market. In this affidavit, Hennis stated that he personally reviewed the progress of Advanced Leveling's work on the St. Roch Market project and communicated directly with Advanced Leveling representatives concerning problems and defective work. Hennis further stated that, in his role as Lathan's project manager for the St. Roch Market project, he observed that Advanced Leveling's work was defective in certain respects and did not strictly conform to Advanced Leveling's agreement with Lathan. Hennis noted the appearance of certain cracks in the concrete flooring installed by Advanced Leveling. He informed Brian Berry of Advanced Leveling via email dated December 12, 2013 that "[t]he architect will not accept the cracks in the topping slab at the column line control joint." Hennis also stated that, on August 7, 2015, he learned that the project owner wished to assess Lathan for replacement work valued at $13,000, because, during the project's interior fit out, "several of the under slab drains had to be cut out and replaced because they were discovered to

7

be filled with concrete (by Lathan apparently during the pouring of the concrete floor)."[2]

Compensation or "set-off" has long been recognized in our civil law as a mode of partial extinguishment of one person's obligation to another through offsetting an opposing obligation owed by the latter to the former. *Bridges v. Lyondell Chemical Co.*, 2005-1535 (La. App. 1 Cir. 6/9/06); 938 So.2d 786, 790 n.7; see also La. Code arts. 1893, *et seq.* A party claiming set-off, or compensation, as an affirmative defense has the burden of proving the claim. *Richard v. Vidrine Automotive Services, Inc.*, 98-1020 (La. App. 1 Cir. 4/1/99); 729 So.2d 1174, 1179. Louisiana Code of Civil Procedure article 1005 governs the pleading of affirmative defenses and provides, in pertinent part:

> The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense.

An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating the plaintiff's demand on its merits. *Buck's Run Enterprises, Inc. v. Mapp Const. Inc.*, 1999-3054 (La. App. 1 Cir. 2/16/01); 808 So.2d 428, 431.

The trial court made no determination pertaining to Advanced Leveling's allegedly defective work, which may entitle Lathan to damages that would set off the amount owed on the open account. Considering Hennis's affidavit, we find that Lathan has produced factual support sufficient to establish that genuine issues of material fact remain, thus precluding the granting of summary judgment in this matter. See La. Code Civ. P. art. 966(D). Accordingly, we remand this matter for further proceedings consistent with this opinion.

---

[2] In his affidavit, Hennis asserts that it was Advanced Leveling who poured the concrete floor.

**DECREE**

For the above and foregoing reasons, we reverse the August 30, 2019 amended judgment of the Nineteenth Judicial District Court rendering judgment in favor of Advanced Leveling & Concrete Solutions and against The Lathan Company, Inc. This matter is remanded for further proceedings consistent with this opinion. Costs are assessed to Appellee, Advanced Leveling & Concrete Solutions.

**REVERSED AND REMANDED.**