STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0889

CHH

GARCIA ROOFING REPLACEMENT, LLC

VERSUS

MICHAEL D'AQUIN

Judgment Rendered: _____SEP 0 3 2024_____

* * * * *

On Appeal from the
City Court of Zachary
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 202300003

Honorable David Conachen, Judge Presiding

* * * * *

| | |
|---|---|
| Teresa D. Cop<br>Craig L. Kaster<br>Nancy A. Richeaux<br>Zachary, LA | Attorney for Plaintiff-Appellee,<br>Garcia Roofing Replacement, LLC |
| George R. Ketry, Jr.<br>Covington, LA | Attorney for Defendant-Appellant,<br>Michael D'Aquin |

* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs in the result reached by the majority.

Miller, J. concurs in the result. by CHH

by CHH

**HESTER, J.**

This is an appeal from a default judgment rendered against defendant, Michael D'Aquin, and the subsequent denial of a motion for new trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

D'Aquin and Garcia Roofing Replacement, LLC entered into a "Retail Agreement" on November 12, 2021, whereby Garcia was to remove D'Aquin's roofing system and replace it with a standing seam metal roofing system. The estimated amount for the roofing work was $29,477.38, half of which was paid to Garcia at the time the contract was signed. Garcia charged an additional $4,000.00 for forty sheets of plywood,[1] which brought the remaining balance owed by D'Aquin to Garcia to $18,477.38, as reflected on an invoice dated July 1, 2022.

On January 3, 2023, Garcia filed suit against D'Aquin in Zachary City Court,[2] alleging that D'Aquin was indebted to Garcia for the full sum of $18,477.38, together with 18% interest from the date due until paid, along with 25% attorney's fees and costs of the proceedings.[3] According to Garcia, the sums were past due and owing since July 31, 2022. Garcia attached to the petition a sworn statement of account reflecting a balance due of $18,477.38, the Retail Agreement, and the July

---

[1] The Retail Agreement provided that decking replacement materials would be charged at a "rate of $100 per sheet or $10 per Linear Foot for [one-inch] plank board decking."

[2] Pursuant to the Retail Agreement, the parties agreed to venue and jurisdiction in Zachary City Court for all disputes $35,000.00 or less and arising out of or related to the contract.

[3] In accordance with the terms of the Retail Agreement, D'Aquin agreed to pay 25% attorney fees if Garcia retained an attorney relating to any dispute which may arise out of or relate to the contract.

1, 2022 invoice. Garcia also submitted requests for admissions of fact to be served upon D'Aquin with the petition.[4]

D'Aquin was personally served via private process server on March 5, 2023. After thirty days elapsed with no answer or response from D'Aquin, Garcia sought a default judgment. A judgment of default was entered against D'Aquin on April 6, 2023, in the full sum of $18,477.38 plus interest, attorney's fees, and all costs. Thereafter, on April 12, 2023, D'Aquin filed an answer and affirmative defenses in response to Garcia's petition. On April 25, 2023, D'Aquin filed a motion for new trial, asserting that the default judgment was contrary to the law and that there was insufficient proof in the record to support a *prima facie* case in favor of Garcia. Garcia opposed the motion. At the hearing on June 13, 2023, the trial court denied the motion and signed a judgment memorializing the ruling.

This appeal followed.[5] D'Aquin assigns the following as error: (1) the trial court's granting of the default judgment without conducting a hearing and (2) the trial court's determination that La. Code Civ. P. arts. 1702 and 1702.1 did not apply to civil proceedings in Zachary City Court.

**LAW AND DISCUSSION**

Book VIII of the Louisiana Code of Civil Procedure provides provisions for trial courts of limited jurisdiction, including city courts. See La. Code Civ. P. arts. 4831, 4901-4908. Louisiana Code of Civil Procedure article 4831 provides:

---

[4] The discovery asked D'Aquin to admit that he signed the Retail Agreement, that he owes Garcia $18,477.38, and that the sum owed had been due since July 31, 2022. The record does not contain any response from D'Aquin to the request for admissions. See La. Code. Civ. P. arts. 1467 and 1468; **Apache Corp. v. Talen's Marine & Fuel, LLC**, 2017-0714 (La. App. 1st Cir. 2/7/18), 242 So.3d 619, 622-23 (A matter is generally deemed admitted if the party to whom the request is directed does not respond within 30 days after service of the request pursuant to La. Code Civ. P. art 1467, and any matter deemed admitted pursuant to La. Code Civ. P. art. 1467 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.).

[5] D'Aquin filed a motion for devolutive appeal seeking an appeal from the April 6, 2023 default judgment and the June 13, 2013 judgment denying the motion for new trial. When an unrestricted appeal is taken from a final judgment, an appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. **Landry v. Leonard J. Chabert Medical Center**, 2002-1559 (La. App. 1st Cir. 5/14/03), 858 So.2d 454, 461 n.4, writs denied, 2003-1748, 2003-1752 (La. 10/17/03), 855 So.2d 761.

> The provisions of this Book apply only to suits in trial courts of limited jurisdiction and to suits in the district courts within their jurisdiction concurrent with that of justices of the peace. *Except as otherwise provided in this Book,* civil proceedings in a trial court of limited jurisdiction, and the enforcement of judgments rendered therein, shall be governed as far as practicable by the other provisions of this Code.

(Emphasis added.) Title II of Book VIII governs the procedure in trial courts of limited jurisdiction and provides the procedure for default judgments in city courts.

Specifically, La. Code Civ. P. art. 4904 provides, in pertinent part, as follows:

> A. In suits in a parish court or a city court, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff establishes a prima facie case by competent and admissible evidence, a default judgment in favor of the plaintiff may be rendered.
>
> B. When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
>
> C. When the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed default judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the proposed default judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the default judgment. A certified copy of the signed default judgment shall be sent to the plaintiff by the clerk of court, and notice of the signing of the default judgment shall be given as provided in Article 1913.

In expressly providing a particular procedure for default judgments in courts of limited jurisdiction in Book VIII, we find that La. Code Civ. P. art. 4904, applies to the facts of this case. See La. Code Civ. P. art. 4831.[6] Accordingly, we do not find merit to D'Aquin's second assignment of error that La. Code Civ. P. arts. 1702 and 1702.1 should have been applied by the trial court.

---

[6] This is contrasted with the **LCR-M Limited Partnership v. Jim Hotard Properties, L.L.C.,** 2013-0483 (La. App. 4th Cir. 10/9/13), 126 So.3d 668, 671, which involved the failure to provide notice of trial. The Fourth Circuit Court of Appeal noted that because Book VII lacked a specific provision regarding the providing of notice of trial, the general provision applicable to the district courts (La. Code Civ. P. art. 1571) must be applied. **Id.** at 674.

In his first assignment of error, D'Aquin maintains that the trial court was manifestly erroneous and abused its discretion in granting the default judgment on affidavits and without conducting a hearing. However, pursuant to La. Code Civ. P. art. 4904(B), "[w]hen the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit." Further, La. Code Civ. P. art. 4904(C) provides that "[w]hen the sum due is on an open account ... or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held."

D'Aquin argues that the Retail Agreement did not contain the characteristics of an open account such that Garcia could not obtain a default judgment on affidavits and without a hearing.[7] Notwithstanding, the Retail Agreement is itself a conventional obligation, *i.e.*, a contract. See **Jablonski v. Capital Pools, L.L.C.**, 2023-0924 (La. App. 1st Cir. 5/8/24), --- So.3d ----, ----, 2024 WL 2043173, *8 ("Under Louisiana law, a contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. LSA-C.C. art. 1906. A contract is formed by the consent of the parties established through offer and acceptance. LSA-C.C. art. 1927. A party having obligations under a contract is liable for the damages caused by his failure to perform a conventional obligation. LSA-C.C. art. 1994."); also see La. Civ. Code, Book III – Of the Different Modes of Acquiring the Ownership of Things, Title IV – Conventional Obligations or Contracts.

---

[7] We note that in support of his argument that Garcia's claim was not one on open account, D'Aquin cited the four factors set forth in **Paz v. BG Real Estate Servs., Inc.**, 2005-0115 (La. App. 4th Cir. 12/14/05), 921 So.2d 186, 188: (1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings. However, the Supreme Court in **Frey Plumbing Co., Inc. v. Foster**, 2007-1091 (La. 2/26/08), 996 So.2d 969, 972, held that, under a plain reading of La. R.S. 9:2781(D), there is no requirement that there must be one or more transactions between the parties, nor is there any requirement that the parties must anticipate future transactions. To the extent the prior case law imposed any requirements which are inconsistent with the clear language of La. R.S. 9:2781(D), the Supreme Court in **Frey** overruled those cases. **Frey**, 996 So.2d at 972.

5

Louisiana Code of Civil Procedure article 4904(B) states that *prima facie* proof may be submitted by affidavit in order to obtain a default judgment "[w]hen the suit is for a sum due on an open account … or other conventional obligation." While the "judge in his discretion" may direct a hearing to be held, the trial court in this matter did not require a hearing. La. Code Civ. P. art. 4904(C). Accordingly, we do not find error in the issuance of the default judgment without a hearing and through the submission of *prima facie* proof by affidavit as permitted by La. Code Civ. P. art. 4904(B). D'Aquin's first assignment of error is without merit.

## CONCLUSION

In light of the above and foregoing, we affirm the trial court's April 6, 2023 default judgment against Michael D'Aquin and in favor of Garcia Roofing Replacement, LLC and affirm the trial court's June 13, 2023 judgment denying Michael D'Aquin's motion for new trial. Costs of this appeal are assessed to Michael D'Aquin.

**AFFIRMED.**