STEWART, J.
|,At issue in this case is whether the trial court erred in denying the demands of the plaintiff, The Retail Merchants Association, Inc., d/b/a Credit Bureau of Louisiana, in this suit on an open account against the defendant, Christopher Forres-ter. We now affirm the trial court’s judgment dismissing the plaintiffs claim.
FACTS
On January 27, 2008, Forrester received outpatient medical services from Willis-Knighton Medical Center (“Willis-Knigh-ton”) in Bossier City, Louisiana. By letter *1177 dated November 4, 2009, the Credit Bureau of Louisiana, acting on behalf of Willis-Knighton, demanded payment of the balance due in the amount of $4,363, within 30 days.
On December 18, 2009, the plaintiff, as appointed agent for Willis-Knighton, filed suit on an open account against Forrester seeking payment of the balance due plus legal interest, costs, and reasonable attorney fees as provided by La. R.S. 9:2781. The petition alleged that Forrester failed to pay the amount due within 30 days of the demand letter.
In answer, Forrester asserted that Willis-Knighton should be estopped from asserting a claim against him because it failed to timely file a claim with his insurer and thereby voided his coverage. He also asserted that Willis-Knighton failed to mitigate its damages by filing an insurance claim. Lastly, Forrester asserted a third party demand against his insurer, Employers Health Network.
At trial, Todd Barnes, an account manager for Willis-Knighton, testified for the plaintiff. Barnes identified a copy of the itemized invoice of | athe services rendered to Forrester on January 27, 2008, with a balance due in the amount of $4,363. Barnes also identified the contract signed by Forrester and witnessed by a Willis-Knighton employee on January 27, 2008. The contract is Willis-Knighton’s registration form. Barnes testified that each patient is required to sign the same contract for any services provided by the hospital and that the contract provides that the patient is responsible for all medical bills incurred. He testified that nothing had been paid on the balance due. When questioned by Forrester’s counsel, Barnes admitted that he had no documentation of any claim having been submitted to For-rester’s insurer or of any denial of such claim by the insurer. Barnes also had no documentation of any statements having been sent to Forrester prior to the demand letter on November 4, 2009.
Forrester testified that he has maintained medical insurance through his employer, Bass Pro Shops, since April 2001, and that he gave his insurance card to Willis-Knighton in 2008 when he obtained medical services. Forrester testified that he first learned of the balance due upon receipt of the demand letter. Upon contacting his insurer, he learned that it had no record of any claim having been filed and that any claim filed more than one year after services were rendered would be denied. The trial court obtained a copy of Forrester’s current medical insurance card, but Forrester indicated that it was not the same insurer as in 2008.
The trial court found that Forrester received medical care in 2008, that he signed a contract agreeing to pay for the services and assigning his insurance benefits to Willis-Knighton, that he had insurance coverage at the |3time, and that he provided his insurance card upon admission. The trial court also found no evidence of any effort by Willis-Knighton to recover payment until the demand letter by its agent. The trial court concluded that Willis-Knighton failed to mitigate its damages. A judgment denying the plaintiffs claim was signed on February 10, 2012.
The plaintiff filed a motion for a new trial, which the trial court denied. This appeal followed. The plaintiff asserts that the trial court erred in failing to find For-rester personally responsible for paying the full amount of the debt. The plaintiff also asserts that the trial court erred in finding that Willis-Knighton failed to mitigate its damages.
DISCUSSION
An open account is “any account for which a part or all of the balance is past *1178 due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.” La. R.S. 9:2781(D). See also Frey Plumbing Co., Inc. v. Foster, 2007-1091 (La.2/26/08), 996 So.2d 969, for a discussion of what constitutes an open account. An open account includes debts incurred for professional services, such as medical services. La. R.S. 9:2781(D).
The plaintiff in an action on an open account must prove his claim by a preponderance of the evidence. Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122 (La.App. 2d Cir.1990). The amount due on the account is a question of fact subject to the manifest error standard of review. Id. To prove his case, the plaintiff must show that a record of the account was kept in the course of business and introduce supporting testimony of its accuracy. \Jd. Once a prima facie case is made, the defendant must prove that the account is inaccurate or that he is entitled to certain credits. Id.
In this case, the plaintiff introduced a copy of an invoice that was attached to the demand letter sent to Forrester on November 4, 2009. Forrester does not dispute that he received the medical services itemized on the invoice. Instead, he asserts that, due to Willis-Knighton’s failure to file a claim with his medical insurer, he does not owe the balance shown on the invoice. The plaintiff argues that, regardless of whether Willis-Knighton filed a claim with Forrester’s insurer, he is still personally responsible for the full amount of the debt. The plaintiff asserts that, by signing the registration form, Forrester promised to pay the customary charges in full and acknowledged that the filing of an insurance claim by Willis-Knighton would in no way reheve him of the obligation to pay. The plaintiff further asserts that nothing in the registration form imposes a mandatory duty on Willis-Knighton to seek contribution from an insurer before seeking payment directly from the party who incurred the services.
The registration form/contract signed by Forrester on January 27, 2008, includes a section entitled “Payment Guaranty and Assignment of Insurance Benefits.” Under this provision, the patient, referred to as the “Debtor,” agrees to “pay in full ... customary charges for the goods and services rendered” to him by Willis-Knigh-ton and acknowledges that the indebtedness is due and payable at the discretion of Willis-Knighton during the hospitalization or in full at the time of discharge. The provision goes on to state, with emphasis added to the most relevant part:
_jjl acknowledge that, upon proof of acceptable insurance coverage, [Willis-Knighton], in its sole discretion, may reduce the amount of indebtedness due and payable during this hospitalization and the balance due at discharge. In such event, I understand that all deductibles, co-insurance, non-covered charges and other items not paid by insurance or other third-party payors shall be due and payable during this hospitalization and upon discharge as set forth herein-above. I acknowledge and agree that in the event that [Willis-Knighton], in its sole discretion, accepts proof of insurance coverage, claims for payment of benefits will be filed on behalf of the Debtor and/or insured and that these benefits will be considered by [Willis-Knighton] in determining the amounts due as set forth hereinabove. I understand and agree that [Willis-Knighton] will accept payments from third-party payors and insurers on behalf of the Debtor and apply such payment to the indebtedness to the extent that they are received. I acknowledge and agree that *1179 the filing of such insurance and other third-party claims is performed as a service by [Willis-Knighton] and in no way relieves me of the obligation to pay the Indebtedness as agreed herein above.
Contracts have the effect of law for the parties and must be performed in good faith. La. C.C. art.1983. Good faith governs the conduct of the obligor and obligee in whatever pertains to the obligation. La. C.C. art. 1759. A party has an implied obligation to make a good faith effort to fulfill the conditions of a contract. Bloom’s Inc. v. Performance Fuels, L.L.C., 44,259 (La.App.2d Cir.7/1/09), 16 So.3d 476, writ denied, 2009-2003 (La.11/20/09), 25 So.3d 800. When there are reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own obligation. La. C.C. art.1993. Also, a party to a commutative contract may refuse to perform his obligation if the other has failed to perform. La. C.C. art.2022.
The registration form signed by Forrester sets forth the obligations of For-rester and Willis-Knighton with respect to the charges for medical services. Forres-ter agreed to pay in full the customary charges, and he ^assigned any insurance available to him to Willis-Knighton. With respect to Willis-Knighton’s obligation, the above-quoted provision provides that, upon acceptance of proof of insurance, Willis-Knighton “will” file a claim for the benefits, “will” consider the benefits in determining the amount due, and “will” accept payment from the insurer and apply such payment to the indebtedness. As defined by Black’s Law Dictionary (West, 6th ed 1990), the verb “will” conveys certainty and commonly means the same as “shall” or “must.” Considering the certainty conveyed by the use of “will,” we find that the contract imposes a mandatory duty on Willis-Knighton, upon its acceptance of proof of insurance, to file a claim and apply any payment toward reducing the amount owed by the debtor.
Referring to the last sentence of the above-quoted provision, the plaintiff notes that Willis-Knighton files insurance claims as a service and that this service “in no way relieves” Forrester of his obligation to pay the full balance due. To the extent that this part of the provision raises doubt concerning Willis-Knighton’s obligation upon accepting proof of insurance, the contractual language must be interpreted against Willis-Knighton and in favor of Forrester. Pursuant to La. C.C. art.2056, in cases of doubt, a provision in a contract must be interpreted against the party who furnished the text, and a party’s standard-form contract must be interpreted in favor of the other party. By signing the registration form, Forrester agreed “to pay the Indebtedness as agreed herein above.” The full agreement, as set forth in the registration form, includes Willis-Knigh-ton’s obligation, upon |7acceptance of proof of insurance, to file an insurance claim and apply any payment to reduce Forrester’s indebtedness.
Forrester testified that he had medical insurance through his employer and that he presented proof of insurance to Willis-Knighton when he obtained medical services on January 27, 2008. His testimony was uncontradicted. In fact, Barnes also testified that Forrester presented a copy of his insurance card when he came to Willis-Knighton for services.[1] We note that the last line of the invoice introduced *1180 by Willis-Knighton includes a reference to “Other Insurance” and appears to indicate that no payment was received. The date of the entry is May 14, 2009, almost 16 months after the date, January 27, 2008, that Forrester obtained medical services from Willis-Knighton. Forrester also testified, without contradiction, that he learned from his insurer that no claim had been filed and that any claim would have had to have been filed within a year of the date of services. Forrester’s testimony, along with the invoice entry, suggests that Willis-Knighton may have filed an untimely claim with Forrester’s insurer. Regardless of whether it failed to file a claim or filed an untimely claim, Willis-Knighton, through the demand letter sent by its agent, sought payment from Forrester for the full amount due more than 20 months after services were rendered.
The evidence establishes that Willis-Knighton did not perform its obligation. It did not seek payment from Forrester’s insurer, or do so in a | stimely manner, so as to derive the benefits from his policy and apply any payment to reduce the balance due. Under the principle set forth in La. C.C. art.1993, Willis-Knighton, • or its agent, cannot put Forrester in default and seek to collect full payment from him when it has not performed its reciprocal obligation. Moreover, because Willis-Knighton did not perform its obligation as required under the contract, the plaintiff cannot establish with accuracy the balance due by Forrester.
While we affirm the trial court’s judgment, we do not do so on the basis that Willis-Knighton failed to mitigate its damages. Appeals lie from judgments, not reasons for judgment. Fireman’s Fund Ins. Co. v. Browning-Ferris Industries, 30,595 (La.App.2d Cir.5/13/98), 714 So.2d 168, writs denied, 98-1569 (La.9/18/98), 724 So.2d 765 and 98-1555 (La.9/18/98), 724 So.2d 769. Moreover, appellate courts shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Although out reasoning differs, we do agree with the trial court that Willis-Knighton acted unreasonably in failing to file, or to timely file, the insurance claim on Forrester’s behalf and in seeking payment in full from him over 20 months after services were rendered, apparently without any prior notice.
CONCLUSION
For the reasons stated, we affirm the trial court’s judgment dismissing the claims of the plaintiff against Forrester. Costs of appeal are assessed against the plaintiff, The Retail Merchants Association, Inc., d/b/a Credit Bureau of Louisiana.
AFFIRMED.

. The trial court sustained an objection by defense counsel to Barnes’s testimony about certain internal business records concerning Forrester’s account. The basis of the objection was that Bames lacked personal knowledge to testify was to what was done on Forrester’s account. This evidentiary ruling has not been appealed.