Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,831-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

UNION CHRISTIAN ACADEMY                    Plaintiff-Appellee

versus

JASON SHIREY                              Defendant-Appellant

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 48,674

Honorable Jeffrey Levance Robinson, Judge

* * * * *

LAW OFFICE OF E. RAY KETHLEY          Counsel for Appellant,
By: E. Ray Kethley, Jr.               Jason Shirey

HAMPTON LAW FIRM, LLC                 Counsel for Appellee,
By: Judith Layne Hampton-Kozik        Union Christian Academy

LAW OFFICE OF DAWN D. FRASIER         Counsel for Appellee,
By: Dawn Dannette Frasier             Jessica E. Shirey Greenham

* * * * *

Before GARRETT, COX, and STEPHENS, JJ.

NOT DESIGNATED FOR PUBLICATION
Rule 2-16.3, Uniform Rules, Courts of Appeal

**STEPHENS, J.**

Jason Shirey appeals a judgment of the Third Judicial District Court, Parish of Union, State of Louisiana, in favor of Union Christian Academy following a trial on the merits. For the following reasons, the judgment of the trial court is respectfully reversed.

### FACTS AND PROCEDURAL HISTORY

On February 8, 2019, Union Christian Academy ("UCA") filed a petition on open account in which it alleged Jason Shirey owed the school $20,733.40 for tuition on behalf of his minor children. UCA alleged Jason had breached his contract with the school to pay the tuition. Attached to the petition were two ledger sheets, one for each of Jason's two children, showing a total balance due equal to the amount demanded for each child.

Jason answered, denying the allegations. He further named his ex-wife and mother of his children, Jessica Ebarb Shirey Greenham, as a third-party defendant. He claimed Jessica had violated a previous extrajudicial modification of their custody and support order in which she agreed to withdraw the children from private school.

Jessica answered and asserted Jason was responsible for paying the children's tuition to UCA per their March 14, 2013, judgment of divorce and the January 4, 2012, judgment governing their custody and support arrangement. Jessica attached photocopies of both judgments to her answer. Jessica denied there had been an extrajudicial modification between her and Jason regarding the children's private school attendance.

UCA responded to Jason's answer with exceptions and admitted that its suit does not arise out of a contractual agreement. Instead, as basis for its

suit, UCA cited the court order for Jason to pay tuition and attached photocopies of the 2012 and 2013 judgments to its response.

The minutes show the matter was first called on June 24, 2019, at which time the curator originally appointed to accept service on Jason's behalf was relieved, and Jason's retained counsel enrolled. The matter was re-fixed for July 18, 2019, on which date the matter was continued to September 19, 2019, with objection by UCA noted. On September 19, 2019, both parties were present with counsel, as was UCA's attorney. Trial on the merits was set for Monday, December 16, 2019.

On Monday, December 9, 2019, Jason's attorney fax-filed a motion for continuance with an attached letter from Jason's employer stating Jason was working out of state and that his absence from the jobsite before January 17, 2020, could result in his loss of employment. The following day, the trial court signed an *ex parte* order denying Jason's motion. Thereafter, on Friday, December 13, 2019, the clerk of court faxed the attorneys a copy of the order denying the continuance.

On Monday, December 16, 2019, the matter was called for trial. Jessica, her attorney, and UCA's attorney were present. Neither Jason nor his attorney were present. Stating that the matter had "been continued multiple times," UCA moved to proceed with the trial despite Jason's absence. The trial court permitted the trial to proceed.

UCA called one witness at trial—its business manager, Sharon Mashaw. Sharon testified that she handled all of the school's finances, was familiar with the parties' children, and was aware that Jason had been ordered to pay their tuition at UCA and had failed to do so. She stated she thought Jason had not made a payment since January 2018 and currently

2

owed over $30,000. Sharon further testified the school had chosen to file suit against Jason rather than Jessica based on the judgments ordering him to pay the tuition. No evidence was introduced or admitted.

Following trial, the trial court issued an oral ruling in UCA's favor, and thereafter, on December 30, 2019, executed a judgment ordering Jason to pay UCA $20,733.40, plus all interest, attorney fees, and costs of the proceedings, and dismissing the third-party demand against Jessica. This appeal by Jason ensued. UCA and Jessica elected not to file appellate briefs.

## DISCUSSION

On appeal, Jason asserts the trial court erred by rendering judgment based on the evidence submitted. He claims that UCA failed to introduce a contract between Jason and the school into evidence at the December 16 trial on the merits and, further, that such a contract does not exist. Jason also points to the fact that the school admitted the dispute does not arise out of a contractual agreement. Jason further points to the trial testimony of UCA's business manager that the basis for the suit for open account filed against him was a prior judgment concerning tuition in the domestic litigation between Jason and Jessica. Additionally, Jason argues the trial court's judgment was erroneous because UCA failed to introduce into evidence any documentation of the amount of tuition claimed to be owed by him.

Suits on open accounts are governed by La. R.S. 9:2781, which provides in pertinent part:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this

3

Section.  If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant.  Receipt of written demand by the person is not required.
. . . .
D.  For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.  "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.  For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

Any account which fits the definition of an open account fits within the ambit of the statute.  *Frey Plumbing Co., Inc. v. Foster*, 2007-1091 (La. 2/26/08), 996 So. 2d 969; *Doerle Food Servs., L.L.C. v. River Valley Foods, L.L.C.*, 52,601 (La. App. 2 Cir. 5/22/19), 273 So. 3d 656, *writ denied*, 2019-01188 (La. 10/15/19), 280 So. 3d 602.  An open account is analogous to a credit account.  Inherent in the concept of an open account is that the amount is for services or goods rendered.  *Doerle Food Servs., L.L.C.*, *supra*.

As with all contracts, an open account necessarily involves an underlying agreement between the parties on which the debt is based.  *Fluid Disposal Specialties, Inc. v. UniFirst Corp.*, 53,014, 2019 WL 4658444 (La. App. 2 Cir. 9/25/19); *Accusess Envtl., Inc. v. Walker*, 2015-0008 (La. App. 1 Cir. 12/17/15), 185 So. 3d 69.  Where there is no contractual relationship between the parties, there can be no recovery on an open account basis. *Accusess Envtl., Inc.*, *supra*; *Builders Supply of Ruston, Inc. v. Qualls*, 32,630 (La. App. 2 Cir. 1/26/00), 750 So. 2d 427.

The plaintiff in an action on an open account must prove his claim by a preponderance of the evidence.  To prove his case, the plaintiff must show

4

that a record of the account was kept in the course of business and introduce evidence supporting testimony of its accuracy. Once a *prima facie* case is made, the defendant must prove that the account is inaccurate or that he is entitled to certain credits. *Monsanto Co. v. KT Farms P'ship through Aymond*, 51,740 (La. App. 2 Cir. 11/15/17), 245 So. 3d 191; *Retail Merchants Ass'n, Inc. v. Forrester*, 47,936 (La. App. 2 Cir. 5/15/13), 114 So. 3d 1175.

In the instant case, UCA introduced no evidence at trial to prove its claims against Jason for past-due tuition. First, UCA provided no proof of any agreement between Jason and the school. Sharon testified that UCA's suit on open account against Jason was brought based on the judgments contained in Jason and Jessica's divorce proceeding, which order Jason to pay the children's tuition to UCA. However, those judgments were not offered or admitted into evidence. Instead, photocopies of the judgments are merely found in the record as attachments to pleadings filed by UCA and Jessica. No contract between Jason and the school or billing statements addressed to Jason were referenced or offered into evidence.

Second, UCA provided no proof of the amount it claimed to be owed by Jason. Sharon testified she handled the billing for UCA and speculated as to the date of Jason's last tuition payment and the amount of tuition currently owed for the children. Notably, the ledgers for each child that were attached to UCA's petition were not offered or admitted into evidence at trial. In fact, UCA offered no evidence at all to corroborate Sharon's testimony—no proof that a record of the account was kept in the course of business and no proof of a balance owed for the Shirey children's tuition, let alone owed by Jason.

Parties must introduce evidence to support their claims and defenses. *Black v. Anderson*, 06-891 (La. App. 5 Cir. 3/13/07), 956 So. 2d 20, *writ denied*, 2007-0794 (La. 6/1/07). Arguments, pleadings, and the documents attached to pleadings are not evidence. *In re Melancon*, 2005-1702, (La.7/10/06), 935 So. 2d 661. Having submitted no evidence supporting privity of contract between Jason and UCA, the existence of an open account, or a balance due, UCA failed to make a prima facie case for its suit on open account against Jason. Accordingly, the trial court erred by rendering judgment against Jason in UCA's favor.

In an additional assignment of error, Jason asserts the trial court erred by denying his motion to continue. He argues his motion to continue was submitted in good faith and on reasonable grounds and that the trial court's denial of his motion was an abuse of discretion that deprived him of his day in court. It is a well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. The ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. *Sauce v. Bussell*, 298 So. 2d 832 (La. 1974); *Howard v. Lee*, 50,366 (La. App. 2 Cir. 1/13/16), 185 So. 3d 144. However, in light of our above holding that the trial court's judgment against Jason was in error, discussion of this assignment of error is pretermitted.

## CONCLUSION

For the foregoing reasons, the trial court's December 30, 2019, judgment is hereby reversed. Union Christian Academy's suit for open account against Jason Shirey is dismissed with prejudice. Costs of appeal are assessed to Union Christian Academy.

**REVERSED.**

6