JOY COSSICH LOBRANO, Judge.
11 The plaintiffs in this proposed class action appeal four trial court judgments that sustained peremptory exceptions of prescription, dismissing their claims against the defendants, the Housing Authority of New Orleans (“HANO”); Guste Homes Resident Management Corporation (“Guste”); B.W. Cooper Resident Management Corporation (“B.W. Cooper”); and their insurers, Odyssey Re (London) Limited f/k/a Sphere Drake Insurance Company; Jefferson Insurance Company of New York; and Canal Indemnity Company (collectively “defendants”). For the reasons that follow, we vacate the judgments and remand the matter to the trial court for further proceedings consistent with this opinion.
In December 2001, the plaintiffs, Janice Claborne and Sheryl Jones, filed a Class Action Petition for Certification and Damages on behalf of themselves and others similarly situated, for damages related to their alleged exposure to toxic mold while living in housing developments operated by HANO. They alleged that HANO acted intentionally, recklessly, and flagrantly and/or negligently by failing to repair apartments containing mold, and by failing to adopt policies and procedures for cleaning the mold. Shortly thereafter, the plaintiffs filed a motion to certify their claims as a class action pursuant La. C.C.P. art. 592A(1).
|gA year later, the plaintiffs filed a Master Supplemental and Amending Petition, which added fourteen (14) additional plaintiffs and proposed a class of persons living in HANO housing as of December 31, 2001. The Amending Petition specifically detailed the plaintiffs’ allegations relating to their purported exposure to mold, including property damage, inconvenience, loss of quality of life, aggravation of sinus and asthmatic conditions, medical expenses, nuisance damages, damages to contents of premises and mold remediation while residing in the HANO, B.W. Cooper, and Guste housing developments.
In March 2003, the plaintiffs filed a First Supplemental and Amending Master Supplemental and Amending Class Action Petition, proposing that the purported class include all residents and domiciliaries “who have occupied their premises between 1980 and the present date [and] who have sustained damages and/or aggravation of sinus and asthmatic conditions as a *985 result of the negligence and/or inaction of the defendants” and alleging that “some of these residents [] have been exposed to mold and mold substances as early as 1980.”
After deposing the available class representatives, the defendants raised exceptions of prescription, arguing that the plaintiffs’ tort claims were prescribed on the face of the petition. The plaintiffs opposed the exceptions, arguing that the doctrines of contra non valentón and continuing tort applied to their claims to defeat prescription.
The trial court held a class certification hearing on March 12,13, and 14, 2007. At that time, the plaintiffs asserted breach of contract claims based upon the [.¡leases they had entered into with HANO[1] and argued a ten-year liberative prescriptive period applied.[2] The defendants objected to the late assertion of the breach of contract claims and the use of the HANO leases to support those claims.
The trial court held a three-day hearing on the exceptions of prescription in May, 2007, and subsequent hearings on February 2 and 24, 2011.
On January 17, 24 and 25, and February 27, 2012, the trial court rendered the judgments, sustaining the exceptions of prescription, dismissing the plaintiffs’ claims. The trial court issued one set of written Reasons for Judgment, setting forth its findings. The trial court determined that plaintiffs had failed to assert breach of contract claims or file a motion to amend the pleadings to incorporate such claims within the deadlines established in the court’s Case Management Orders. The trial court also found the defendants had objected timely to the plaintiffs’ efforts to expand the pleadings. Because the plaintiffs did not timely assert the breach of contract claims, the court concluded the ten (10) year prescriptive period governing contracts did not apply.
As to the tort claims, the trial court determined the plaintiffs were aware of their symptoms and observed mold in their housing units more than a year before they filed their suit. Citing the Louisiana Supreme Court’s decisions in Hogg v. Chevron USA, Inc., 2009-2632, 2009-2635 (La.7/06/10); 45 So.3d 991 and Marin v. Exxon Mobil Corp., 2009-2368, 2009-2371 (La.10/19/10), 48 So.3d 234, |4the trial court concluded the doctrines of contra non va-lentem and continuing tort did not apply to the plaintiffs’ claims.
On appeal, the plaintiffs argue that trial court erred in sustaining the peremptory exceptions of prescription. Based on our review of the record, we conclude the trial court improvidently dismissed the plaintiffs’ claims without first ruling on their motion for class certification.
Louisiana Code of Civil Procedure Articles 591-597 govern class actions. Regarding the certification procedure, La. C.C.P. art. 592 provides, in pertinent part:
A. (1) Within ninety days after service on all adverse parties of the initial pleading demanding relief on behalf of or against a class, the proponent of the class shall file a motion to certify the action as a class action. The delay for filing the motion may be extended by *986 stipulation or the parties or on a motion for good cause shown.
[[Image here]]
(3)(a) No motion to certify an action as a class action shall be granted prior to a hearing on the motion. Such a hearing shall be held as soon as practicable, but in no event before:
(i) All named adverse parties have been served with the pleading containing the demand for class relief or have made an appearance or, with respect to unserved defendants who have not appeared, the proponent of the class has made due and diligent effort to perfect service of such pleading; and
(ii) The parties have had a reasonable opportunity to obtain discovery on class certification issues, on such terms and conditions as the court deems necessary.
IsThe record in this case indicates that four days after the plaintiffs filed their original petition, they filed a motion to certify the action as a class action pursuant to La. C.C.P. art. 592A(1). The defendants were timely served with the pleading containing the demand for class relief, and the parties conducted thorough, extensive discovery on the issues related to class certification. Although the trial court held a three-day hearing on class certification, it did not render a judgment on the issue.
Instead, the court heard arguments on the peremptory exceptions of prescription.[3] Based on the evidence submitted at the earlier class certification hearing[4], the trial court sustained the exceptions. While expressing no opinion as to the correctness of the trial court’s ruling, we conclude the ruling would not bind the nonnamed class members who are not parties to the class action litigation before the class is certified. See Smith v. Bayer Corp., 564 U.S. -, -, 131 S.Ct. 2368, 2380, 180 L.Ed.2d 341 (2011)(“Neither a proposed class action nor a rejected class action may bind nonparties”); Devlin v. Scardelletti, 536 U.S. 1, 16, n. 1, 122 S.Ct. 2005, 2014, n. 1, 153 L.Ed.2d 27 (2002) (SCALIA, J., dissenting) (“[A] nonnamed class member is [not] a party to the class-action litigation before the class is certified ”). The plaintiffs alleged in their petitions and motion to certify the class that “countless” residents and occupants of the HANO, Guste and B.W. Cooper housing developments are potential class members. Thus, the trial court’s sustaining of the peremptory exceptions of prescription, more than likely, would not end the litigation of this case.
| (¡Given the fact that the trial court previously conducted the class certification hearing, we conclude that in the interest of judicial economy the trial court should have resolved the issue of class certification before dismissing the plaintiffs’ claims.
Accordingly, in view of our conclusion that the trial court improvidently dismissed the plaintiffs’ claims without first ruling on the motion for class certification, we vacate the judgments and remand the matter to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED

. Correspondence introduced into evidence indicates that on March 9, 2007, the parties had stipulated that for purposes of the class certification hearing all the named class representatives had signed leases with HANO.

. In anticipation of the class certification hearing, plaintiffs filed a supplemental memorandum in support of the motion for class certification on February 9, 2007, asserting for the first time the breach of contract claims. An action on a contract is governed by the ten year prescriptive period for personal actions. See La. C.C. art. 3499 and Roger v. Dufrene, 613 So.2d 947 (La.1993), n. 5.

. The defendants suggest in their supplemental memorandum in support of the peremptory exceptions of prescription that sustaining the exceptions and dismissing the plaintiffs' claims would result in the dismissal of the entire suit.

. At the hearings on the exceptions of prescription, the parties agreed that the trial court would consider the evidence they previously submitted at the class certification hearing.