PENZATO, J.
Plaintiffs Matthew DePhillips and Earnest Williams appeal the trial court's judgment sustaining a peremptory exception raising the objection of prescription filed by Blue Cross Blue Shield of Louisiana ("BCBS"), finding that Williams's claims are prescribed under the terms of his health plan.
FACTS AND PROCEDURAL HISTORY
On April 28, 2015, DePhillips filed a putative class action against Hospital District No. 1 of Tangipahoa Parish, doing business as North Oaks Medical Center/North Oaks Health System ("North Oaks"), alleging that North Oaks refused to submit and/or accept payment from his insurer for treatment he received at North Oaks as a result of a February 9, 2015 motor vehicle accident, instead seeking to collect directly from him by maintaining an *37 action at law for payment. On May 8, 2015, Williams filed a similar class action petition for damages, naming as defendants both North Oaks and BCBS. Williams alleged that he was involved in a motor vehicle accident on February 26, 2011, for which he received medical treatment from North Oaks. According to the petition, Williams was insured under an insurance policy administered by BCBS at the time of the accident. Williams alleged that North Oaks filed a claim with BCBS and was paid for Williams's charges, then attempted to collect amounts from him in violation of its Member Provider Agreement and the Health Care Consumer Billing and Disclosure Protection Act (the "Billing Act"), La. R.S. 22:1871, et seq. , by asserting a lien against his liability insurance claim for the full and undiscounted charges. Williams, individually, and on behalf of all others similarly situated, asserted that North Oaks' actions violated the Billing Act, that BCBS was solidarily liable with North Oaks, and that Williams relied to his detriment on the promises of BCBS that North Oaks would perform in accordance with the insurance contract. The DePhillips and Williams matters were consolidated effective November 16, 2015, by order signed November 15, 2017.
On March 31, 2016, North Oaks filed peremptory exceptions raising the objection of prescription, contending that a one year prescriptive period applied to the claims of both DePhillips and Williams arising from the Billing Act.[1] BCBS filed a peremptory exception raising the objection of prescription, arguing that at the time of the February 26, 2011 motor vehicle accident, Williams was covered by a Health Maintenance Organization Plan with the Louisiana Office of Group Benefits (LAOGB Plan), and that BCBS only provided administrative claims services under the LAOGB Plan. BCBS contended that Williams had no contract with BCBS, and further that his claims were prescribed under the LAOGB Plan. In support of this argument, BCBS attached to its memorandum filed in support of its exception the affidavit of BCBS staff counsel Paula Shepherd, along with an excerpt of the LAOGB Plan in place between Williams and LAOGB at the time of the alleged injury referenced in Williams's petition.
All of the pending exceptions came for hearing on October 11, 2016. The exhibits attached to BCBS's memorandum were referenced, but were not introduced into evidence at the hearing. The trial court granted North Oaks' exceptions. With regard to the exception filed by BCBS, the trial court indicated that it would "look at that one further." On July 3, 2017, the trial court signed a judgment that provided:
IT IS ORDERED, ADJUDGED, AND DECREED that [BCBS]'s Peremptory Exception of Prescription is GRANTED as to the claims of E[a]rnest Williams individually under the terms of the [LAOGB Plan], and to all putative and potential class members insured by [BCBS]. All such claims against [BCBS] are hereby DISMISSED, with prejudice, at Plaintiff's costs.
Plaintiffs DePhillips and Williams filed a motion for appeal from this judgment. An order granting a devolutive appeal to DePhillips and Williams, individually and on *38 behalf of all others similarly situated, was signed on July 19, 2017.
RULES TO SHOW CAUSE
On October 17, 2017, this court, ex proprio motu , issued rule to show cause orders in each of the consolidated appeals. In appellate docket number 2017-1425, the rule to show cause order noted that the matter appeared to be non-appealable because the July 3, 2017 judgment and the motion and order for appeal signed on July 19, 2017 involve a non-party to the suit, Williams. In appellate docket number 2017-1426, the rule to show cause order noted that the matter appeared to be non-appealable because the July 3, 2017 judgment and the motion and order for appeal signed on July 19, 2017 involve a non-party to the suit, DePhillips. The parties were directed to show cause as to whether the appeals should or should not be dismissed for these reasons. On March 5, 2018, the rules to show cause were referred to this panel assigned to hear the consolidated appeals.
BCBS is not a defendant in the DePhillips suit. With regard to the appeal in the DePhillips suit, appellate docket number 2017-1425, plaintiffs indicate that there is no objection to the appeal being dismissed. With regard to the appeal in the Williams suit, appellate docket number 2017-1426, plaintiffs suggest that DePhillips has a right to appeal the judgment because if the Williams suit is certified as a class action, DePhillips will intervene in that suit. Plaintiffs further suggest that an appeal by DePhillips in the Williams suit serves the interest of judicial economy. Finally, plaintiffs argue that even if it is determined that the appeal by DePhillips was improper, this court should not dismiss the appeal filed by Williams.
Louisiana Code of Civil Procedure Article 2082 provides that an "[a]ppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." Louisiana Code of Civil Procedure Article 2086 provides that "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." An intervention is an incidental demand. La. C.C.P. art. 1031(B). A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by: (1) joining with plaintiff in demanding the same or similar relief against the defendant; (2) uniting with defendant in resisting the plaintiff's demand; or (3) opposing both plaintiff and defendant. La. C.C.P. art. 1091. Article 1091 and the cases construing it establish that the requirement for intervention is two-fold: the intervenor must have a justiciable interest in, and a connexity to, the principal action. Clark v. State, Dept. of Revenue, 2002-0703 (La. App. 1 Cir. 5/9/03), 849 So.2d 700, 705, writs denied, 2003-1600, 2003-1619 (La. 10/3/03), 855 So.2d 320, 321. A "justiciable interest" is defined as "the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." Mike M. Marcello, Inc. v. Louisiana Gaming Control Board, 2004-0488 (La. App. 1 Cir. 5/6/05), 903 So.2d 545, 548. The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. Id. An intervenor takes the proceedings as he finds them and cannot change the issues between the parties or raise new ones. IberiaBank v. Live Oak Circle Development, L.L.C., 2012-1636 (La. App. 1 Cir. 5/13/13), 118 So.3d 27, 32.
*39 In contrast, a class action is "a nontraditional litigation procedure that permits a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common interest to persons so numerous as to make it impracticable to bring them all before the court," Baker v. PHC-Minden, L.P., 2014-2243 (La. 5/5/15), 167 So.3d 528, 537 (citations omitted). Its purpose and intent is to adjudicate and obtain res judicata effect on all common issues applicable to persons who bring the action, as well as to all others similarly situated. Id.
While Williams and DePhillips may have common theories of recovery, their claims are based on independent acts on the part of the named defendants. It is argued that "[i]f the Williams case is the case which is certified as a class action, DePhillips could, and almost certainly will, intervene in the Williams class action" (emphasis added). This argument is merely speculative at this juncture as there has been no class certification in this matter at the time of appeal. Further, a ruling on the exception of prescription would not bind the nonnamed class members who are not parties to the class action litigation before the class is certified. Claborne v. Housing Authority of New Orleans , 2012-0808 (La. App. 4 Cir. 5/29/13), 116 So.3d 983, 986, writ denied, 2013-1520 (La. 10/4/13), 122 So.3d 1022. Therefore, DePhillips has failed to demonstrate his right to intervene in the Williams matter in its current procedural posture.
As DePhillips is not a party to the Williams suit, and has not established his right to intervene in that suit, the appeal by DePhillips in the Williams suit, appellate docket number 2017-1426 is dismissed. The appeal in the DePhillips suit, appellate docket number 2017-1425, is also dismissed, as BCBS is not named as a party and thus, there is not a judgment against BCBS in that suit. Therefore, we address only the appeal by Williams in the Williams suit, appellate docket number 2017-1426.
LAW AND DISCUSSION
The trial court sustained BCBS's exception raising the objection of prescription "under the terms of the [LAOGB Plan]." In this appeal, both parties focus on the contractual prescriptive period contained in the contract between Williams and his employer's health care plan, the LAOGB Plan. Both parties argue that there is no contract between BCBS and Williams, and that BCBS provided administrative claims services under the terms of the contract between Williams and LAOGB. BCBS further argues that this court should consider that Williams has no cause of action as BCBS has no contract with Williams. However, as noted above, the parties did not introduce any evidence at the hearing on the exception. Although BCBS attached exhibits to its memorandum, those exhibits were not introduced into evidence. Unless properly offered and introduced into evidence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Atain Speciality Ins. Co. v. Premier Performance Marine, LLC, 2015-1128 (La. App. 1 Cir. 4/8/16), 193 So.3d 187, 190. We further note that appellate briefs are not part of the record, and an appellate court has no authority to consider on appeal facts referred to in argument of counsel, in such briefs, or in exhibits containing matters that are not in the pleadings or evidence, and as such, are outside the record. Niemann v. Crosby Dev. Co., L.L.C., 2011-1337 (La. App. 1 Cir. 5/3/12), 92 So.3d 1039, 1045. Thus, we are precluded from considering the affidavit of Ms. Shepherd and the LAOGB Plan between *40 Williams and LAOGB, as well as the argument presented in the parties' appellate briefs regarding the relationships between Williams, LAOGB, and BCBS.
At the hearing on the exception raising the objection of prescription, evidence may be introduced to support or controvert the exception. See La. C.C.P. art. 931. In the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true. Cichirillo v. Avondale Industries, Inc., 2004-2894 (La. 11/29/05), 917 So.2d 424, 428. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Harris v. Breaud, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 578-79
The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275, 277 (La. 1989). In Emigh v. W. Calcasieu Cameron Hosp., 2013-2985 (La. 7/1/14), 145 So.3d 369, a case that is substantially similar to the present case, a putative class action was filed against West Calcasieu Cameron Hospital for alleged violations of the Billing Act, and was expanded to name several health insurance issuers as defendants. The claim under review by the Louisiana Supreme Court in Emigh was asserted by a plaintiff against her insurer, BCBS. BCBS filed a peremptory exception raising the objection of no cause of action, which was overruled by the trial court. The Louisiana Court of Appeal, Third Circuit, denied writs, and BCBS filed a writ application with the Louisiana Supreme Court. The Louisiana Supreme Court affirmed the trial court's denial of BCBS's exception raising the objection of no cause of action, finding that the plaintiff stated a cause of action against BCBS under La. C.C. art. 1977, which provides:
The object of a contract may be that a third person will incur an obligation or render a performance.
The party who promised that obligation or performance is liable for damages if the third person does not bind himself or does not perform.
The Louisiana Supreme Court explained that, "[t]his civilian concept known as promesse deporte-fort contemplates a contract in which the object is that a third party will undertake a certain obligation; in the event of non-performance of that obligation by the third party, the promisor becomes liable to the promisee." Emigh, 145 So.3d at 374. The Louisiana Supreme Court found that, "an object of the contract [between the plaintiff and BCBS] is the entitlement to discounted health care costs. The actual billing of this promised, discounted charge is performed by a third party. Thus, [BCBS] is promising that a third party will render a performance, which fits squarely within the context of La. [C.C.] art. 1977" Id. at 375.
In his vaguely worded petition, Williams alleged a relationship with BCBS based on its administration of an insurance policy under which he was insured. He alleged that BCBS was a "Health insurance issuer" within the meaning of La. R.S. 22:1872(19),[2] which provides health *41 insurance coverage to individuals in Louisiana. Williams further alleged that BCBS made promises that contracted health care providers, such as North Oaks, would file claims with the health insurance issuer and/or would accept the contracted reimbursement rate from the health insurance issuer, and/or would collect from the enrollee or insured only any deductible, co-payment, co-insurance or other amounts as set forth in the policy of insurance as the insured's liability, all of which was an object of the contract between the insured and insurer. He alleged that BCBS was liable for North Oaks' failure to perform as promised by BCBS. Williams further alleged that he relied to his detriment on BCBS's promises that North Oaks would perform as detailed above, and that such reliance was justified given that Williams entered into a binding, written contract with BCBS and other health insurance issuers, wherein BCBS and other health insurance issuers and third party administrators promised that, in return for payment of premiums, health care providers such as North Oaks would collect from Williams only the deductibles, co-payments, coinsurance, and other amounts which were Williams's liability under his policy of insurance. We find that Williams's petition alleged a relationship with BCBS based on the administrative services it provided pursuant to an insurance policy under which he was insured, and, accepting as true all facts pled in the petition, Williams has stated a cause of action against BCBS under La. C.C. art. 1977. See Emigh, 145 So.3d at 374-75. We further find that BCBS's liability as alleged was based on a breach of contract theory for which La. C.C. art. 3499 provides a ten year prescriptive period.[3] Williams's suit was filed on May 8, 2015, for treatment received in connection with a motor vehicle accident on February 26, 201L Accordingly, we reverse the judgment of the trial court and overrule BCBS's exception of prescription.
CONCLUSION
For the foregoing reasons, we dismiss the appeal in appellate docket number 2017-1425. We also dismiss the appeal by Matthew DePhillips in appellate docket number 2017-1426. We reverse the trial court's July 3, 2017 judgment sustaining BCBS's peremptory exception raising the objection of prescription and dismissing Earnest Williams's claims against BCBS with prejudice. We overrule the exception, and remand this matter for further proceedings. Costs of these appeals are assessed one-half against Matthew DePhillips and Earnest Williams, and one-half against Blue Cross Blue Shield of Louisiana.
APPEAL DISMISSED IN APPELLATE DOCKET NUMBER 2017-1425; APPEAL BY MATTHEW DEPHILLIPS IN APPELLATE DOCKET NUMBER 2017-1426 DISMISSED; JUDGMENT OF JULY 3, 2017 REVERSED; CASE REMANDED.
Holdridge, J., concurs

The applicable prescriptive period for alleged violations of the Billing Act by a health care provider is the central issue of a related consolidated appeal decided this same date, and is not before the court in this case. See Matthew A. DePhillips Individually, And On Behalf Of All Others Similarly Situated v. Hospital Service District No. 1 of Tangipahoa Parish, Doing Business As North Oaks Medical Center/North Oaks Health System, 2017-1423 c/w 2017-1424 (La. App. 1 Cir. 7/18/18), 255 So.3d 1, 2018 WL 3471400.

Louisiana Revised Statutes 22:1872(19) defines "Health insurance issuer" as:
[A]ny entity that offers health insurance coverage through a policy or certificate of insurance subject to state law that regulates the business of insurance. For purposes of this Subpart, a "health insurance issuer" shall include a health maintenance organization, as defined and licensed pursuant to Subpart I of Part I of Chapter 2 of this Title, nonfederal government plans subject to the provisions of Subpart B of this Part, and the Office of Group Benefits.

We expressly offer no opinion as to whether the evidence will support a finding that a contractual relationship existed between Williams and BCBS.