PER CURIAM
Writ granted. Pursuant to La. Const. Art. V, § 5 and § 10, appeals are constitutionally guaranteed. This Court has consistently held that appeals should not be dismissed for a mere technicality. See U.S. Fire Ins. Co. v. Swann, 82-1143, (La. 11/29/82), 424 So.2d 240, 244-45 (citing *585 Davidge v. Magliola, (La. 1977), 346 So.2d 177 ; Howard v. Hardware Mutual Company, 286 So.2d 334 (La.1973) ; Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970) ; Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968) ; Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (1967) ).
While a judgment denying a motion for new trial is an interlocutory order and is normally not appealable, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant intended to appeal from the final judgment on the merits, the appeal should be maintained as taken from the judgment on the merits. Byrd v. Pulmonary Care Specialists, Inc. , 2016-0485 (La. App. 1 Cir. 12/22/16), 209 So.3d 192, 195.
We find the motion and order for appeal was properly taken from the only final judgment rendered in this consolidated matter, which was the dismissal of the plaintiff Earnest Williams' claims. Accordingly, we reinstate the appeal and remand to the First Circuit for further consideration.
APPEAL REINSTATED AND REMANDED TO THE COURT OF APPEAL FOR FURTHER PROCEEDINGS.