## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0293

SUCCESSION OF MAGGIE MCCLENDON ARD

*DATE OF JUDGMENT:*    NOV 1 5 2019

ON APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT
NUMBER 23,420, DIVISION F, PARISH OF ST. HELENA
STATE OF LOUISIANA

HONORABLE ELIZABETH P. WOLFE, JUDGE

* * * * * *

Robert J. Carter
Greensburg, Louisiana

Jessica C. Ledet
Amite, Louisiana

Brad P. Scott
Ashley U. Schmidt
O. Genevieve Leslie
New Orleans, Louisiana

Counsel for Appellant
Martha Ard Hamler, as
Succession Administrator

Counsel for Petitioner-Appellee
Leroy Ard

* * * * * *

BEFORE:  MCDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: **VACATED AND REMANDED.**

**CHUTZ, J.**

Appellant, Martha Ard Hamler (Ms. Hamler), in her capacity as the administrator of the Succession of Maggie McClendon Ard, appeals a judgment of possession sending numerous persons into possession of succession property. For the following reasons, we vacate and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

The decedent, Maggie McClendon Ard, died intestate on December 25, 1970. No action was taken in her succession for over forty-five years. In July 2017, the decedent's daughter, Ms. Hamler, filed a petition for appointment as administrator of the decedent's succession. Ms. Hamler was appointed administrator of the Succession on July 21, 2017. She claimed an administration was needed in order to partition the succession property, which consisted of an undivided interest in certain immovable property. It appears Ms. Hamler's action was precipitated by her brother, Leroy Ard (Mr. Ard), placing a mobile home in front of the house where Ms. Hamler lived on land they regarded as succession property.

According to the amended affidavit of death and heirship filed by Ms. Hamler, the decedent had six children: Martha Ard Hamler, Florence Pearline Ard, Leroy Ard, Joseph Ard, John Eli Ard, and Myrtis Earnestine Ard Burton. At the time Ms. Hamler was appointed as administrator, she and Mr. Ard were the decedent's only surviving children. The amended affidavit of death and heirship also listed the children and grandchildren of Ms. Hamler's deceased siblings, several of whom were also deceased.

As administrator, Ms. Hamler filed a detailed descriptive list, which listed twenty acres of land in St. Helena Parish as the only asset of the Succession. Ms. Hamler valued the property at $50,000.00. The twenty acres constituted the decedent's undivided interest in a larger ninety-acre tract, which apparently was part of the succession of Jake McClendon. Ms. Hamler claimed Jake McClendon's heirs

2

agreed in principle concerning where the decedent's twenty acres were located within the ninety-acre tract. However, a partition of the 90-acre tract was never completed.

In December 2017, Mr. Ard filed a petition for possession.[1] In the petition, Mr. Ard made allegations regarding the identity of decedent's heirs, but he did not file an affidavit of death and heirship. He asserted there was no need for further administration of the succession, which he claimed was debt-free, and requested he and the other heirs be put into possession of their shares of the succession property.

Following a hearing at which Ms. Hamler opposed putting any heirs into possession, the trial court ruled in favor of Mr. Ard. The trial court signed a judgment on April 23, 2018, sending Mr. Ard and several other purported heirs into possession of the succession property. Ms. Hamler filed a motion for new trial alleging the judgment of possession was contrary to the law and evidence. The trial court denied the motion for new trial on October 1, 2018.

Ms. Hamler now appeals the judgment of possession rendered by the trial court, raising five assignments of error.[2] She argues the trial court committed

---

[1] Mr. Ard also requested injunctive relief and a temporary restraining order. The trial court concluded the request for injunctive relief was moot in light of its ruling on Mr. Ard's request to be placed into possession of the succession property. Mr. Ard did not appeal that ruling. Accordingly, there is no issue regarding Mr. Ard's request for injunctive relief before this court.

[2] In her motion for appeal, Ms. Hamler referred to the dates of the denial and signing of her motion for new trial rather than to the April 23, 2018 date on which the judgment of possession was signed. A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. However, Louisiana jurisprudence has consistently held that appeals should not be dismissed for a mere technicality. *Williams v. Hospital Service District No. 1 of Tangipahoa Parish*, 18-1386 (La. 12/17/18), 258 So.3d 584, 584 (per curiam). When a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate the appellant intended to appeal from the final judgment on the merits, the appeal should be maintained as taken from the judgment on the merits. *Williams*, 258 So.3d at 585; *Byrd v. Pulmonary Care Specialists, Inc.*, 16-0485 (La. App. 1st Cir. 12/22/16), 209 So.3d 192, 195. In this case, it is clear from the assignments of error, four out of five of which specifically assert the trial court committed reversible error "in granting the judgment of possession," that Ms. Hamler sought to appeal from the judgment of possession signed by the trial court on April 23, 2018. Ms. Hamler's error in listing the date of the wrong judgment in her motion for appeal is insufficient grounds to dismiss this appeal, particularly since appeals are favored and will be dismissed only when the grounds are free from doubt. *Byrd*, 209 So.3d at 195. Thus, we find the merits of the April 23, 2018 judgment of possession are properly before us.

reversible error in granting the April 23, 2018 judgment of possession because: a majority of the heirs did not petition for possession as required by La. C.C.P. art. 3362; there was no evidence the heirs unconditionally accepted the debts of the succession; no assets were retained to pay succession debts as required by La. C.C.P. art. 3362; and the trial court recognized heirs of the decedent's descendants without judgments or affidavits being introduced to establish their rights as heirs. Additionally, Ms. Hamler contends the trial court erred in denying her motion to continue since Mr. Ard failed to attach a memorandum to his petition as required by Louisiana District Courts Rule 9.9(b).

## DISCUSSION

Irrespective of Ms. Hamler's assignments of error, our examination of the judgment of possession revealed a fatal defect requiring that the judgment be vacated. The judgment of possession provides:

> LEROY ARD, MARTHA ARD HAMLER, JOSEPH ARD, SR., **now deceased**, FLORENCE PEARLINE ARD, **now deceased**, JOHN ELI ARD, SR., **now deceased**, ROSE HITCHENS, ERNEST BURTON, IRMA BURTON JACKSON, **now deceased**, and OTIS BURTON, **now deceased**, be recognized as the heirs of the DECEDENT, MAGGIE MCCLENDON ARD, and that LEROY ARD, MARTHA ARD HAMLER, JOSEPH ARD, SR., **now deceased**, FLORENCE PEARLINE ARD, now **deceased**, and JOHN ELI ARD, SR., **now deceased**, be placed in possession of 1/5 each of Decedent's undivided interest; that ROSE HITCHENS, ERNEST BURTON, IRMA BURTON JACKSON, **now deceased**, and OTIS BURTON, **now deceased**, be placed in possession of 1/20 each of Decedent's undivided interest. [Emphasis added.]

Thus, the trial court recognized several deceased persons in the judgment of possession as being the decedent's heirs and sent them into possession of the succession property.

The heirs of an intestate decedent shall be recognized by the court when all of the heirs are competent and accept the succession. La. C.C.P. art. 3001. However, because the deceased persons named in the judgment of possession were natural persons, their personalities terminated upon their deaths. See La. C.C. arts. 24 and

4

25. Accordingly, they were not competent and were incapable of accepting the succession. See *In re Succession of Moore*, 97-1668 (La. App. 4th Cir. 4/1/98), 737 So.2d 749, 759, writ denied, 99-0781 (La. 4/30/99), 743 So.2d 207. Further, a judgment rendered for or against a deceased person is an absolute nullity. *Allen v. Allen*, 15-0529 (La. App. 1st Cir. 2/9/17) (unpublished), 2017 WL 532354, *2; *Rainey v. Entergy Gulf States, Inc.*, 01-2414 (La. App. 1st Cir. 6/25/04), 885 So.2d 1193, 1197, writs denied, 04-1878, 04-1883, 04-1884 (La. 11/15/04), 887 So.2d 478-79. Accordingly, the April 23, 2018 judgment of possession is an absolute nullity for defects patent on its face and must be vacated.[3] See La. C.C.P. art. 2164; *In re Succession of Moore*, 737 So.2d at 759.

Moreover, we note several of Ms. Hamler's assignments of error appear to have merit. Louisiana Code of Civil Procedure article 3362 provides that "**a majority of the heirs** of an intestate decedent whose succession is under administration may be sent into possession of all or part of the property of the succession upon their filing a petition for possession." (Emphasis added.) In this case, Mr. Ard was the sole petitioner. Although a number of purported heirs later filed "concurrences" into the record stating they joined in and adopted the petition for possession filed by Mr. Ard, the concurrences did not meet the requirement of Article 3362 that a majority of heirs *file* the petition for possession. Additionally, the concurrences were not filed into the record until after the trial court signed the judgment of possession.[4] There also was no showing that "adequate assets" were

---

[3] When an appellate court notices an absolute nullity, the court is empowered to vacate or correct the judgment on its own motion. *Brown v. Terrebonne Parish Sheriff's Office*, 17-1305 (La. App. 1st Cir. 4/13/18), 249 So.3d 864, 869, writ not considered 18-00964 (La. 10/8/18), 253 So.3d 792; *Pope v. Roberts*, 13-1407 (La. App. 1st Cir. 4/16/14), 144 So.3d 1059, 1064-65 n.3.

[4] Mr. Ard argues any issue regarding compliance with the Article 3362 requirement that a majority of heirs file the petition for possession was waived by Ms. Hamler's failure to file an exception of non-joinder prior to the hearing. Even if Mr. Ard is correct, the peremptory exception of non-joinder of a party can be noticed by either the trial or appellate court on its own motion. See La. C.C.P. art. 927(A)(4) & (B).

retained in the succession to pay succession debts, such as court costs and administrator fees, as required by Article 3362.

Further, while the record appears to establish that the decedent's heirs at the time of her death were her six children, the record is insufficient to establish the identity of all the decedent's current heirs. The amended affidavit of death and heirship filed by Ms. Hamler as administrator (Mr. Ard did not file such an affidavit) lists the names of the decedent's children and indicates they are all now deceased except Ms. Hamler and Mr. Ard. The amended affidavit also lists the children of the deceased original heirs (i.e., the decedent's grandchildren), and in cases where any of those children are deceased, it lists their children (i.e., the decedent's great-grandchildren). Nevertheless, the amended affidavit does not reflect whether the deceased persons died testate or intestate or how old their children were at the time of their parent's death. Therefore, the amended affidavit was insufficient to establish whether the listed grandchildren and great-grandchildren were heirs of the decedent either by representation through their deceased parent or forced heirship. The amended affidavit also does not establish whether the purported heirs were competent, which is a requirement for a person to be sent into possession of succession property. See La. C.C.P. art. 3001.

Finally, there appears to be a mathematical error in the judgment of possession. When all of the shares of succession property distributed in the judgement of possession are combined, the total exceeds 100%. Specifically, the judgment of possession purported to distribute 6/5ths[5] of the succession property, an obvious impossibility.

---

[5] The judgment of possession placed Leroy Ard, Martha Ard Hamler, Joseph Ard, Sr. (deceased), Florence Pearline Ard (deceased), and John Eli Ard, Sr. (deceased) into possession of a 1/5th share each of the succession property, a total of 5/5ths. Additionally, the judgment of possession placed Rose Hitchens, Ernest Burton, Irma Burton Jackson (deceased), and Otis Burton (deceased) into possession of a 1/20th share each of the succession property, a total of 1/5th (i.e., 4/20ths = 1/5th).

## CONCLUSION

For the reasons assigned, the April 23, 2018 judgment of possession is hereby vacated as being an absolute nullity, and this matter is remanded for further proceedings in accordance with this opinion. All appeal costs are to paid by appellee, Leroy Ard.

**VACATED AND REMANDED.**