# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

PATRICK GILTON

NO. 2023 KW 1190

**FEBRUARY 16, 2024**

---

In Re:    Patrick Gilton, applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, No. 612067.

---

**BEFORE:    WELCH, WOLFE, AND STROMBERG, JJ.**

   **WRIT GRANTED IN PART AND DENIED IN PART.** Appeals are constitutionally guaranteed. See La. Const. art. V, § 5 and § 10. Appeals are favored in the law and should not be dismissed on a mere technicality. See **Williams v. Hosp. Serv. Dist. No.1 of Tangipahoa Parish**, 2018-1386 (La. 12/17/18), 258 So.3d 584, 585 (*per curiam*). Furthermore, a defendant's failure to specify which rulings he desires to reserve for appeal may limit the scope of appellate review but should not preclude review altogether. See **State v. Becnel**, 2020-0587 (La. App. 1st Cir. 4/16/21), 323 So.3d 408, 411. See also **State v. Joseph**, 2003-315 (La. 5/16/03), 847 So.2d 1196 (*per curiam*). Accordingly, the writ application is granted, in part, for the purpose of transferring to the district court for consideration as a request to reinstate relator's right to appeal. The district court is ordered to hold an evidentiary hearing to determine if relator is entitled to an out-of-time appeal under **Roe v. Flores-Ortega**, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) and **State v. Counterman**, 475 So.2d 336, 339 (La. 1985) and to appoint counsel for the hearing if relator is indigent. See La. Code Crim. P. art. 930.7. In all other respects, the writ application is denied.

**JEW**
**EW**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

*[signature]*

DEPUTY CLERK OF COURT
FOR THE COURT