STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0085

**DIAMOND SERVICES CORPORATION**

**VERSUS**

**COBBS, ALLEN & HALL OF LOUISIANA, INC.;
DUAL CORPORATE RISKS, LTD.; LLOYD'S SYNDICATE NVA 2007;
LLOYD'S SYNDICATE SKD 1897; LLOYD'S SYNDICATE 4711 ASP;
AND LLOYD'S SYNDICATE 1200 AMA**

Judgment Rendered: ___SEP 2 7 2024___

* * * * * * *

On Appeal from the 16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Trial Court Docket Number 134,179, Div. "E"

Honorable Keith Comeaux, Judge Presiding

* * * * * * *

Mark E. Hanna
Joseph S. Trytten
Trevor M. Cutaiar
Alan G. Brackett
New Orleans, Louisiana

Counsel for Plaintiff/
Defendant-in-Reconvention/Appellee
Diamond Services Corporation

Michael L. McAlpine
Richard A. Cozad
Hannah Greer Howard
New Orleans, Louisiana

Counsel for Defendant/
Plaintiff-in-Reconvention/Appellant,
Dual Corporate Risks, Ltd.

* * * * * * *

**BEFORE: GUIDRY, C.J., PENZATO AND STROMBERG, JJ.**

**PENZATO, J.**

The issue in this appeal is whether a reconventional demand to recover an unpaid insurance premium is a suit on an open account, subject to a three-year prescriptive period, or a suit for breach of contract, subject to a ten-year prescriptive period. The trial court determined the reconventional demand was a suit on an open account pursuant to La. R.S. 9:2781, applied the three-year prescriptive period set forth in La. C.C. art. 3494, sustained the peremptory exception of prescription filed by plaintiff-in-reconvention, and dismissed the reconventional demand with prejudice.[1] After review, we find the trial court manifestly erred by finding the reconventional demand is a suit on an open account and by dismissing the reconventional demand as prescribed. Therefore, we reverse the judgment, overrule the exception of prescription, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Dual Corporate Risks, Ltd., plaintiff-in-reconvention, issued a marine insurance policy to Diamond Services Corporation, defendant-in-reconvention, for the policy period March 10, 2018 to March 10, 2019. Diamond paid a deposit premium of $250,000. Pursuant to the policy, the total premium owed by Diamond would be calculated at the end of the policy term. Specifically, to calculate the premium, the policy stated, "The aggregate % utilisation [sic] of all vessels will be multiplied by USD (based upon current 66%)."[2] After the policy expired, Dual audited Diamond to calculate the policy premium and determined the annual premium was $910,000. Dual reduced the total by $250,000, Diamond's deposit premium, and demanded Diamond pay the unpaid premium amount of $660,000. On August 29, 2019, Dual sent a demand letter to Diamond "pursuant to La. R.S.

---

[1] The judgment states the exception is "GRANTED." However, La. C.C.P. art. 934 discusses the effects of "sustaining" a peremptory exception; therefore, we use "sustain."

[2] Dual is based in England and Wales.

2

9:2781" (Louisiana's open account statute), setting forth the premium calculation and the amount to be paid within thirty days.

Diamond disagreed with Dual's calculation of the premium and filed suit for declaratory judgment against Dual, and others, on September 20, 2019.[3] Diamond alleged the policy language was ambiguous and sought judgment finding ambiguity, interpreting the policy clause "aggregate % utilisation [sic] of all vessels" to mean a "simple ratio of the percentage of time that each vessel spent on the water," and declaring that Diamond does not owe $660,000.

After the suit was removed to, then remanded from, federal court, Dual filed a reconventional demand against Diamond to recover the unpaid premium. In its reconventional demand, filed on January 25, 2023, Dual asserted two causes of action, the first was for open account pursuant to La. R.S. 9:2781, and the second, pled in the alternative, was for breach of contract.

In response, Diamond filed the subject peremptory exception of prescription, asserting Dual failed to file its reconventional demand within the three-year prescriptive period applicable to actions on an open account. See La. C.C.P. art. 927(A)(1) and La. C.C. art. 3494(4). Diamond maintained Dual's cause of action satisfied all requirements of the jurisprudentially created open account analysis, and prescription began to run no later than August 29, 2019, when Dual sent a demand letter to Diamond pursuant to La. R.S. 9:2781. Thus, Diamond asserted Dual's reconventional demand, filed in January 2023, was untimely.[4]

Dual opposed the exception by pertinently asserting that, in addition to alleging open account, it pled an alternative cause of action for breach of contract,

---

[3] Diamond's claims against the remaining defendants are not material to this appeal.

[4] Diamond also noted Dual sent a "debit note" to it on April 29, 2019.

which was not prescribed.[5] In a supplemental opposition, Dual asserted, for the first time, the open account statute did not apply to its claims; instead, its suit to recover unpaid premiums was solely based on breach of contract.[6]

A trial on the exception was held in April 2023, wherein documents submitted by both parties were admitted into evidence. At the conclusion, the trial court ruled in favor of Diamond, concluding Dual's reconventional demand was a suit on an open account and the three-year prescriptive period began in 2019; consequently, the demand filed in 2023 was prescribed. A written judgment was signed on April 24, 2023 in accordance with this ruling, sustaining Diamond's exception of prescription and dismissing Dual's reconventional demand with prejudice. Dual timely filed this appeal.

On appeal, Dual pertinently asserts the trial court erred by "refusing to recognize or accept" its cause of action is one for breach of contract and, thus, erred by applying the three-year prescriptive period applicable to open accounts. We agree.

## DISCUSSION

The nature of Dual's cause of action is the threshold issue in this appeal. The existence of a contract, and specifically an open account, is a question of fact subject to the manifest error standard. *Premier Tugs, LLC v. Caillou Island Towing Co., Inc.*, 2019-1166 (La. App. 1st Cir. 6/18/20), 307 So.3d 218, 226. To reverse a fact finder's determination under the manifest error standard, an appellate court must review the appeal record (here, Dual's reconventional demand and the evidence introduced at the trial on the exception) and find a reasonable factual basis does not exist for the finding and further determine the record on appeal establishes the fact

---

[5] Because we find the trial court erred by concluding Dual's reconventional demand was based on open account, we pretermit discussion of Diamond's arguments and assignments of error concerning interruption of prescription on its purported open account cause of action.

[6] The trial court expressly allowed Dual to file a supplemental opposition.

4

finder was clearly wrong or manifestly erroneous. *Fabre v. Manton*, 2021-1418 (La. App. 1st Cir. 6/28/22), 343 So.3d 821, 827 n.5.

Louisiana Civil Code Article 3499, which applies to a cause of action for breach of contract, states, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." See *DePhillips v. Hospital Service District No. 1 of Tangipahoa Parish*, 2017-1425 (La. App. 1st Cir. 7/18/18), 255 So.3d 34, 41, *writ granted, cause remanded sub nom. Williams v. Hospital Service District No.1 of Tangipahoa Par.*, 2018-1386 (La. 12/17/18), 258 So.3d 584.[7] The legislature "otherwise provided" by establishing a three-year prescriptive period for a suit on an open account. See La. C.C. art. 3494(4); *Starns v. Emmons*, 538 So.2d 275, 277-78 (La. 1989).

Louisiana's open account statute pertinently states, when any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. La. R.S. 9:2781(A). "Open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. La. R.S. 9:2781(D).

Diamond argues, because Dual brought an action under the open account statute, it cannot "alternatively seek to recover under a breach of contract action." Diamond relies on *Starns*, 538 So.2d at 278, wherein the Louisiana Supreme Court stated, "Article 3494 does not present a choice between a contract remedy and some

---

[7] The reason the Louisiana Supreme Court granted writs and remanded a portion of the *DePhillips* appeal is immaterial to the current appeal. See, *Williams*, 258 So.3d 584.

other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years." However, we do not read *Starns* to stand for the proposition that a litigant is prohibited from pleading alternative causes of action simply because those actions may be governed by La. C.C. art. 3499 or La. C.C. art. 3494. Pursuant to La. C.C.P. art. 892, a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. See also La. C.C.P. art. 462. To the extent a cause of action for breach of contract and one for open account are mutually exclusive, and Dual cannot *succeed* under both theories of recovery, Article 892 authorizes *pleading* both causes of action in one judicial demand, if pled in the alternative, as Dual has done.

In *Shamrock Management, LLC v. GOM Fabricators, LLC*, 2018-0491 (La. App. 1st Cir. 7/10/19), 2019 WL 3025237, *1 (unpublished), *writ denied,* 2019-01255 (La. 10/21/19), 280 So.3d 1171, a reconventional demand, filed to recover payment of outstanding invoices, alleged the defendant-in-reconvention breached the parties' contract and was liable on an open account. The defendant-in-reconvention filed an exception of prescription, asserting the claim was prescribed pursuant to the three-year prescriptive period applicable to a suit on an open account. This court concluded the cause of action was not one for open account but was for breach of contract, noting the facts, as pled in the reconventional demand, indicated the plaintiff-in-reconvention sought recovery under open account and, *alternatively, under breach of contract.* "This is an alternative claim from open account with an alternative remedy." *Shamrock Management, LLC,* 2019 WL 3025237 at *4-5. Therefore, we find no merit in Diamond's argument that Dual may not seek recovery for breach of contract as an alternative remedy.

The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action.[8] *DePhillips*, 255 So.3d at 40. The reconventional demand states that Dual issued a marine insurance policy to Diamond and Diamond failed to pay the premium owed on the policy. According to Dual's pleading, Diamond owes and Dual seeks to recover the unpaid insurance premium in the amount of $660,000. Louisiana courts have long held a suit to recover unpaid insurance premiums is a suit for breach of contract, not a suit on an open account.[9] See *Commercial. Ins. Agency, Inc. v. Wilson*, 293 So.2d 246 (La. App. 3d Cir. 1974); *Continental Ins. Co. v. Fairfield Temporaries, Inc.*, 437 So.2d 376 (La. App. 4th 1983); *Percy v. Perkins*, 468 So.2d 815 (La. App. 1st Cir. 1985), *writ denied*, 475 So.2d 355 (La. 1985); *Fidelity and Casualty Company of New York v. A&M Construction, Inc.*, 96-1326 (La. App. 1st Cir. 3/27/97), 692 So.2d 28; and *Ellsworth Corp. v. Pete Vicari General Contractor, Inc.*, 07-649 (La. App. 5th Cir. 1/22/08), 977 So.2d 99.

Without supporting citation, Diamond argues the Louisiana Supreme Court overruled these cases in *Frey Plumbing Co., Inc. v. Foster*, 2007-1091 (La. 2/26/08), 996 So.2d 969, by broadening the criteria for what is classified as an open account. We disagree. In *Frey Plumbing Co., Inc.*, 996 So.2d at 972, the supreme court concluded, "Any account which fits the definition of an open account, including but not limited to an account for professional services, fits within the ambit of the

---

[8] A court is not bound to accept a plaintiff's characterization of the nature of her cause of action if such is unsupported by the factual allegations. *Harris v. Board of Supervisors of Community and Technical Colleges*, 2021-0844 (La. App. 1st Cir. 2/25/22), 340 So.3d 1121, 1127-28 (rejecting the plaintiff's characterization of the nature of her cause of action as one for detrimental reliance). See also *Roofing Products & Building Supply Co., LLC v. Mechwart*, 2013-1506 (La. App. 1st Cir. 5/2/14), 2014 WL 2711793, *3 (unpublished) (rejecting the assertion in the plaintiff's petition that its suit was on an open account).

[9] Dual cited several of these cases in its appeal brief, although these cases were not cited in Dual's opposition filed with trial court. Diamond argues on appeal Dual raised a new argument by citing these cases for the first time on appeal and by specifically arguing that insurance premiums are not subject to open account. We disagree that Dual raised a new argument for the first time on appeal. Instead, these cases support Dual's argument before the trial court that its cause of action is for breach of contract, not open account.

statute." *Frey Plumbing Co., Inc.*, 996 So.2d at 972. The *Frey Plumbing Co., Inc.* court stated that prior cases, which imposed requirements that were inconsistent with the clear language of La. R.S. 9:2781(D), were overruled. *Frey Plumbing Co., Inc.*, 996 So.2d at 972. However, Diamond does not assert, and we do not find, the cases cited above are inconsistent with the language of La. R.S. 9:2781(D).

Louisiana Revised Statute 9:2781(D) requires an "account" with a past due "balance." See *Roofing Products & Building Supply Co., LLC v. Mechwart*, 2013-1506 (La. App. 1st Cir. 5/2/14), 2014 WL 2711793, *3 (unpublished) (finding an open account did not exist because there was no evidence of a credit account, i.e., an "account" with a "balance" that was to be paid by a later date). In *Continental Ins. Co.*, 437 So.2d at 378, the court concluded the insurer's suit to recover unpaid premiums was not based on an account but was for premiums due on two specific insurance contracts. Similarly, here, Dual filed suit to recover the unpaid premium owed on a specific insurance contract. Diamond did not maintain a past due balance on account with Dual, and Diamond owed no additional money until after the expiration of the policy period. For these reasons, we find no merit in Diamond's argument that the terms of Dual's policy concerning premium payment "are analogous to a line of credit on an open account" since the premium was undetermined at the inception of the policy.

This court decided *Louisiana Workers' Compensation Corp. v. Ascension Pools, L.L.C.*, 2008-0842 (La. App. 1st Cir. 9/23/08), 2008 WL 4332534, *5 (unpublished), months after *Frey Plumbing Co., Inc.* was rendered and again found a suit for unpaid insurance premiums was a suit in contract, not one on open account, as defined in La. R.S. 9:2781(D). Like the policy issued by Dual, the policy at issue in *Louisiana Workers' Compensation Corp.*, 2008 WL 4332534 at *3-4, provided the final premium owed would be calculated after the policy terminated using the method set forth in the policy.

After thorough review of Dual's reconventional demand and the evidence admitted at the trial on the exception, we find the trial court was manifestly erroneous in finding Dual's suit is on an open account pursuant to La. R.S. 9:2781. Instead, Dual's suit, its cause of action, is for breach of contract subject to the ten-year prescriptive period found in La. C.C. art. 3499. Because Diamond's exception of prescription sought only to dismiss Dual's cause of action pursuant to the three-year prescriptive period applicable to open accounts, we do not consider whether Dual's reconventional demand was prescribed under the ten-year period.

## DECREE

For the foregoing reasons, we reverse the trial court's April 24, 2023 judgment sustaining the peremptory exception of prescription filed by Diamond Services Corporation, overrule the exception, and remand this matter for further proceedings. All costs of this appeal are assessed against Diamond Services Corporation.

**REVERSED AND REMANDED.**